## Wolfe v. Asher

*Shaver & Heckman* and *Leary, Fullerton & Sweeny,* for plaintiff.

*Charles H. Coffroth,* for defendant.

LANSBERRY, P. J., April 24, 1954.—In this action for personal injuries resulting from an automobile collision, the issue of service of process is raised by preliminary objections interposed by defendant.

The factual situation disclosed by the pleading is somewhat unusual but not complicated. Midway Chevrolet Company of Chicago, Ill., sold a 1950 Chevrolet automobile to a Baltimore, Md., customer and desired

delivery thereof to the customer in Baltimore. On June 15, 1951, Midway delivered the automobile to Emkay Car Leasing Co., Inc., also of Chicago, for delivery to the customer. On the same date Aaron Asher, in writing, agreed with Emkay to deliver the Chevrolet automobile. Asher then agreed for a consideration with Leonard Wolfe to transport him east and on June 19, 1951, Asher, with Wolfe as a paying guest, and one Elfriede Schmetterling, at the request of Asher to accompany him and assist in the driving, started east in the Chevrolet automobile for the purpose of delivering the car. The party arrived at the Irwin interchange of the Pennsylvania Turnpike about 8:30 p.m. on June 19th and with the consent of Aaron Asher, Miss Schmetterling thereafter drove and operated the Chevrolet automobile to a point on the Pennsylvania Turnpike in Somerset where the collision occurred, resulting in the death of Miss Schmetterling and personal injuries to Leonard Wolfe, plaintiff in this case.

On June 9, 1953, Leonard Wolfe instituted his action in trespass in the Court of Common Pleas of Somerset County against Aaron Asher, defendant. Service of the complaint was made upon defendant by the Sheriff of Somerset County by serving a true and attested copy of the complaint upon the Secretary of the Commonwealth by registered mail and by sending a copy of the complaint to defendant by registered mail. Preliminary objections, attacking the service, were interposed by defendant Asher, the substance of which is that Asher was neither owner nor operator of the vehicle at the time of collision.

Service of process was allegedly made in accordance with section 1201 of the Act of May 14, 1929, P. L. 1721, as amended, 75 PS §1201. The pertinent section is as follows:

"From and after the passage of this act, any non-resident of this Commonwealth, being the operator

664

or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

This section of the act being a legislative rule as to service of process is in derogation of the common law and must be strictly construed: McCall v. Gates et al., 354 Pa. 158, 161.

The act of assembly here concerned and permitting service of process on nonresidents is limited to service of process on owners or operators and no others. Defendant was not the owner of the Chevrolet. He was not the actual operator of the automobile at the time of the collision, the circumstances of which gave rise to the instant action.

The precise question is whether or not defendant was the operator of the motor vehicle within the meaning of the pertinent statutory provision. Plaintiff contends that since defendant operated this vehicle during a part of this particular trip over a portion

of the Pennsylvania highways, although not the actual operator at the time of the collision, he was an operator of a motor vehicle within the meaning of the Nonresident Service of Process Act. Defendant Asher was the bailee of the Chevrolet automobile. In order to sustain plaintiff's contention we would have to add the category of bailees to those of owners and operators as being within the act. Only the legislature can add this category.

As presently written the statute is only concerned with (a) the operator, or (b) the actual nonresident owner or the nonresident owner who is having the vehicle operated for him by some other person. Asher under no circumstances can be construed as the nonresident owner having the car operated for him by some other person, viz., Miss Schmetterling. Emkay Company was not having the car operated for it by Miss Schmetterling. When Asher turned over the actual operation of the vehicle to Miss Schmetterling at Irwin, Asher was no longer the operator within the provisions of the act. To say Asher, although admittedly not operating the car, was the operator of the vehicle, is to arbitrarily give meaning to words, which meaning the words do not admit.

Being of the opinion that defendant Asher was neither the owner or operator of the vehicle at the time of the collision, we now enter the following

*Order*

Now, April 24, 1954, the preliminary objections heretofore interposed are sustained.