PONDER, Justice.
 

 The Court of Appeal of the Second Circuit, under the provisions of Section 25 of Article 7 of the Constitution, submits the question hereinafter stated for instructions.
 

 The facts stated by the court involved in this suit, upon which is based the question of law that they desire instructions on, is as follows, to wit: The plaintiff, Rollie Maddry, a resident of this State, in his petition asked a solidary judgment for damages in the amount of $4,500 against the defendants, Moore Brothers Lumber Co., a partnership, and the individual members thereof, Gilbert J. Moore and Henry B. Moore, all of whom are alleged to be domiciled in Marshall County, Texas. The plaintiff alleges that on December 10, 1937, while riding in a motor vehicle, the property of the partnership and driven by its agent and employee, C. C. Carter, on highway number 185 in Webster Parish, La., he was severely injured in an accident occasioned by the' negligent and reckless driving of C. C. Carter. The plaintiff, by way of supplemental petition, asked in the alternative for an award of compensation under the provisions of the Employers’ Liability Act of this State, Act No. 20 of 1914, if' it be held that he was at that time an employee of the defendant partnership. The citations directed to the defendants were served on the Secretary of State of Louisiana in accordance with the provisions of Act 86 of 1928, amended by Act 184 of 1932. The defendants tendered and filed an exception to the jurisdiction, ratione personae, of the court to the supplemental petition seeking compensation under the Louisiana Employers’ Liability Act.
 

 On the original consideration of the appeal, the Court of Appeal held that the plaintiff was in the employment of the defendant partnership, reversed the judgment of the lower court sustaining the exception to jurisdiction and overruled the exception. The defendants applied for a rehearing restricted to the issue of the jurisdiction of the court and the case is now pending on a rehearing granted by the Court of Appeal.
 

 The question of law propounded and on which instructions are requested is as follows:' Can a non-resident defendant be subjected to the jurisdiction of the courts of Louisiana through the substituted service of process outlined and provided for in Act 86 of 1928, as amended by Act 184 of 1932, in an action seeking workmen’s compensation instituted by the employee of a non-resident who was disabled in an accident involving a motor vehicle driven at the time on the highways of this State by an authorized agent of the non-resident ? In other words, and generally speaking, are the mentioned statutory provisions applicable to an action in which an award of workmen’s compensation is sought?,
 

 
 *984
 
 It is urged under the exception to the jurisdiction of the court that the defendants are only before it by virtue of being the owners of the automobile, thereby subjecting themselves to the jurisdiction of the court under the highway act for the recovery of personal injury suits, and that the Act in no wise applies to the compensation claim made in the supplemental petition, due to the fact that the supplemental petition deals solely with the compensation law based on contract. It is urged that the court has no jurisdiction and that the citation is defective on non-residents for a cause of action based on contract.
 

 The pertinent part of the highway act of 1928 as amended by Act 184 of 1932 is contained in Section 1 thereof, which reads:
 

 “Be it enacted by the Legislature of Louisiana, That the acceptance by nonresidents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the State of Louisiana, or the operation by a non-resident or his authorized employee of a motor vehicle on the said highways other than under said laws, shall be deemed equivalent to an appointment by such nonresident of the Secretary of the State of Louisiana or his successor in office, to be his true and lawful attorney for service of process, upon whom may be served all lawful process in any action or proceeding-against said non-resident growing out of any accident or collision in which said nonresident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally.”
 

 From a reading of the above quoted Section of the Act it is apparent that a non-resident, or his agent, who operates a motor vehicle on the' highways of this State, shall be deemed thereby to have appointed the Secretary of State as his attorney for service of process in any action or proceeding against the non-resident' growing out of any accident or collision in which the non-resident or his agent may be involved while operating a motor vehicle on the highways of this State. The title of the Act states “civil process against non-residents,” and the body of the Act specifically provides that such process may be served upon the Secretary of State as the agent of the non-resident in
 
 any
 
 action or proceeding growing out of any accident or collision. The language used, “any action or proceeding,” is very broad arid covers the instant case. If it had been the intention of the Legislature that the service of process was to be restricted to actions ex delicto it appears that there would .have been some language used to that effect. From the very language used, which is very broad and all inclusive, it would appear that it was the intention of the Legislature to embrace actions of any and every nature, growing out of an accident or collision in which the non-resident is involved while making such use of the highways of this State.
 

 
 *986
 
 The Louisiana Employers’ Liability Act deals with personal injuries received by accidents arising out of and in the course of employment. It is apparent that the cause of action under the Act grows out of an accident. The Act itself frequently refers to and uses the word “accident.” While it is true that the right of action is based on an implied contract yet if there was no accident there would be no implied contract and no recovery could be had. The implied contract only comes into effect after the accident occurs. Such being the case, undoubtedly the cause of action grows out of the accident whether it be ex delicto or under the Employers’ Liability Act.
 

 The language of the Act involved is clear and unambiguous and the letter of it is not to be disregarded under the pretext of pursuing its spirit. Article 13, R.C.C.
 

 The constitutionality of statutes of this character have often been attacked with the result that they have been uniformally upheld on the ground that it is a valid exercise of the police power. This question is thoroughly discussed, and citations are referred to, in the original opinion of the Court of Appeal in this case. We can see no purpose to gain by reviewing this question.
 

 The Act uses the broad, clear, unambiguous, and all inclusive language, “Any action or proceeding * * * growing out of any accident or collision.” It is to be noted that the Service of the process is authorized in
 
 any
 
 action or proceeding growing out of
 
 any
 
 accident or collision. By use of the word “any” before “action” and again before “accident,” it appears that the Act was intended to be comprehensive and applied to all actions or proceedings growing out of
 
 any
 
 accident or collision in which the non-resident is involved while making such use of the highways. It might be urged that an Act of this nature should be strictly construed. Under such method of construction undoubtedly the language used makes the Act applicable to this case.
 

 In answer to the question propounded, our instruction is that a nonresident defendant can be subjected to the jurisdiction of the courts of this State through the substituted service of process provided for in Act 86 of 1928, as amended by Act 184 of 1932, in an action instituted by a resident employee for compensation under the Employers’ Liability Act, growing out of an accident or collision in which the agent of the non-resident was involved while operating a motor vehicle on the highways of this State. Under the facts stated in the request for instructions the lower court was vested with jurisdiction to entertain the alternative demand.
 

 O’NIELL, C. J., dissents.