madness. Just because you have authority does not mean that you have to use it. Indeed, the greatness of the United States Attorneys throughout the country, many of whom I have met, is that they resist so many demands from the multitude of bureaus and agencies that are presently employed to govern the people. I may add the United States Attorney has been allowed no choice in this case.

This is the first time, I believe, that a country-wide policy of entering homes has been adopted. I am sad that the policy has to be .enforced in this court.

The order of seizure will issue.

that venue of the present action is improperly laid in this district, I am persuaded that my previous opinion, 72 F.Supp. 326, denying defendant's motion to dismiss, is inconsonant with the principles expressed by Judge Biggs, speaking for the Third Circuit Court of Appeals in Dehne v. Hillman Inv. Co., 3 Cir. 110 F.2d 456. Inasmuch as the tort which is alleged as the basis for this action did not occur ·in Pennsylvania, I think that under the Dehne decision I am bound to grant the defendant's motion to dismiss the complaint.

An order may be entered accordingly.

## CARLISLE v. KELLY PILE & FOUNDATION CORPORATION.

Civil Action No. 6380.

District Court, E. D. Pennsylvania.

March 31, 1948.

For former opinion, see 72 F.Supp. 326. See also 77 F.Supp. 51.

William M. Alper, of Freedman, Landy & Lorry, all of Philadelphia, Pa., for plaintiff.

Richard A. Smith, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Upon consideration of the additional authorities cited by counsel for the defendant at the reargument on defendant's motion to dismiss the complaint on the ground

## CARLISLE v. S. C. LOVELAND CO., Inc. (KELLY PILE & FOUNDATION CORPORATION, Third-Party Defendant).

Civil Action No. 6379.

District Court, E. D. Pennsylvania.

March 31, 1948.

