### Civil Action No. 6380.

District Court, E. D. Pennsylvania.

March 31, 1948.

## CARLISLE v. S. C. LOVELAND CO., Inc. (KELLY PILE & FOUNDATION CORPORATION, Third-Party Defendant).

### Civil Action No. 6379.

District Court, E. D. Pennsylvania.

March 31, 1948.

For former opinion, see 72 F.Supp. 326. See also 77 F.Supp. 51.

52

William M. Alper, of Freedman, Landy & Lorry, all of Philadelphia, Pa., for plaintiff.

Benjamin F. Stahl, of Clark, Brown, McCown, Fortenbaugh & Young, all of Philadelphia, Pa., for defendant.

Richard A. Smith, of Philadelphia, Pa., for third-party defendant Kelly Pile & Foundation Corporation.

BARD, District Judge.

This case arises on the third-party defendant's motion to dismiss the third-party complaint.

This is an action instituted by the plaintiff against the defendant, S. C. Loveland Company, Inc. (hereinafter referred to as "Loveland"), to recover damages for personal injuries. Loveland then filed a third-party complaint against the Kelly Pile and Foundation Corp. (hereinafter referred to as "Kelly"), alleging that Kelly is liable over to Loveland for any sum which might be assessed against Loveland in the plaintiff's action.

The only ground for defendant's motion which warrants discussion is that venue of the action is improperly laid in the Eastern District of Pennsylvania. The plaintiff is a resident of New Jersey; Loveland is alleged in the plaintiff's complaint to be a Pennsylvania corporation, but Loveland's answer asserts that Loveland is a Delaware corporation, and Kelly's motion to dismiss also alleges that Loveland is a Delaware corporation. The assertions of Loveland and Kelly as to the place of incorporation of Loveland have been unchallenged since they were made, and for the purposes of deciding the present motion I will assume that Loveland is in fact a Delaware corporation. Kelly is a New York corporation, and the alleged tort which is the subject matter of the present action occurred in the State of Delaware.

It is true that the third-party action is brought in a district which is the residence of neither the third-party plaintiff nor the third-party defendant. Although there is a diversity of opinion among other jurisdictions as to whether a third-party action must meet the venue requirements of Section 51 of the Judicial Code, 28 U.S. C.A. § 112, it has been recently held by Judge McGranery of this district, in Moncrief v. Pennsylvania R. Co., 73 F.Supp. 815, that the third-party proceeding should be considered ancillary to the main proceeding for the purpose of mere statutory restrictions on the place of trial, and the fact that neither the third-party plaintiff nor the third-party defendant is a resident of the district where suit is brought will not result in dismissal of the third-party complaint because of improper venue.

The third party defendant also contends that venue of the original action is improper, and that Loveland might have objected to being sued in the Eastern District of Pennnsylvania. This contention may well be sound. See my opinion in Carlisle v. Kelly Pile and Foundation Corporation, 77 F.Supp. 51, filed contemporaneously with this opinion. However, assuming that Loveland might successfully object to being sued in this district, I do not think the fact that the original defendant might have objected to being sued in this district will aid the third-party defendant in the present motion.

Section 51 of the Judicial Code "merely accords to the defendant a personal privilege respecting the venue, or place or suit, which he may assert, or may waive, at his election." Commercial Casualty Ins. Co v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 99, 73 L.Ed. 252. Loveland's privilege of objecting to the venue of the main action, being a personal privilege, belongs therefore to Loveland, and not to Kelly. Until such time as Loveland successfully asserts whatever privilege respecting venue it may possess, the main action brought by the plaintiff against Loveland is properly before this court.

An order may be entered denying the third-party defendant's motion to dismiss the third-party complaint.