**LEATHERMAN et al. v. STAR (ROANE–ANDERSON CO. et al., Third-Party Defendants).**

**Civ. Action No. 1104.**

United States District Court
E. D. Tennessee, N. D.

Nov. 22, 1950.

Kramer, McNabb & Greenwood, Knoxville, Tenn., for plaintiffs.

Ambrose & Wilson, Knoxville, Tenn., Hon. Otto T. Ault, U. S. Dist. Atty., Chattanooga, Tenn., for defendants.

**ROBERT L. TAYLOR, District Judge.**

Plaintiffs E. Y. Leatherman and W. G. Alley, citizens and residents of North Carolina, alleging ownership of certain bath and bed linens of the value of $3,173.76, brought suit in this court against Jack Star, a resident and citizen of Illinois, doing business in Oak Ridge, Tennessee, as Star Lumber Company, for the conversion of the linens. Jack Star, shown to have been president of Star Lumber Company, an Illinois corporation, but proceeding as an individual defendant, moved for a more definite statement of the complaint against him, filed his answer, and, upon permission of the Court, impleaded Roane-Anderson Company, United States of America, and United States Atomic Energy Commission as third-party defendants, under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Facts alleged in the third-party complaint and supported in part by answers to interrogatories addressed to the plaintiffs by Jack Star are: That plaintiffs Leatherman and Alley were sub-contractors of Roane-Anderson Company and, as such, in possession of the linens; that upon their failure to return or otherwise properly account for the linens to Roane-Anderson Company they were required to, and did, pay for them in the sum of $3,173.76; that because of such payment plaintiffs claimed ownership of the linens or such interest therein as entitled them to bring an action for their conversion; that the United States, through its agencies, Roane-Anderson Company and United States Atomic Energy Commission, entered into a contract with Star Lumber Company whereby a certain building, including its contents, was sold by the United States to Star Lumber Company; that Jack Star, under authority of that contract, tore down and removed the building, in which the linens were closeted, and that, in removing and appropriating the building and its contents, Jack Star removed property owned by Star Lumber Company. In the alternative he alleges that if title to the linens did not pass to Star Lumber Company under the contract with the United States, then and in that event there was a breach of contract in the form of a failure of title for which the United States is liable to reimburse Star Lumber Company for its loss.

Each of the third-party defendants filed its separate motion to dismiss the third-party complaint, following which Jack Star amended his complaint to include jurisdictional averments and others in which he asserts that Roane-Anderson Company and United States Atomic Energy Commission are agencies of the United States. The amendment concludes with the following: " * * * that both of the contracts entered into by Leatherman and Alley and Star Lumber Company were entered into with the United States of America, through one or more of the several agencies through which it operates its Atomic Energy project aforesaid, and that such agencies are not independent entities behind which the United States of America may hide for the purpose of depriving its citizens of their substantive rights by hypertechnical, legalistic 'mumbo-jumbo.'"

Upon motion to dismiss, the allegation quoted must be taken as true. Shannon v. Massachusetts Bonding & Ins. Co., D.C., 62 F.Supp. 532. The third-party complaint contains no averments of wrongdoing or irregularity on the part of the agencies. Under the law of principal and agent, the contract is that of the principal and no ground exists for an action against the agencies. The third-party complaint as to them, accordingly, should be dismissed.

Motion for dismissal as to the United States of America is based on the grounds that jurisdiction is not sufficiently alleged, as required by Rule 8; that the United States is not a person that is liable or may be liable for all or any part of plaintiff's claim, as required by Rule 14(a) respecting third-party practice; that the United States has not consented to be sued in this Court and that any jurisdiction that the Court might otherwise have had is ousted by the joinder of the three named defendants, and that the action is in the wrong district, plaintiffs being citizens and residents of the

State of North Carolina, while the defendant Jack Star is a citizen and resident of the State of Illinois.

■■ The first objection is untenable for the reason that the Court's jurisdiction attached in the original action and no new grounds of jurisdiction need be stated. Rule 8. The second objection is untenable for the reason that the United States may be liable to Jack Star or to Star Lumber Company, his principal, for the amount of money judgment against him, pursuant to the Tucker Act, 28 U.S.C. sec. 41(20), 1940 ed., reenacted with changes not material here as 28 U.S.C.A. § 1346, which provides that the district courts shall have original jurisdiction of "(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded * * * upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

■ The objection as to ouster of jurisdiction because of joinder of Roane-Anderson Company and United States Atomic Energy Commission with the United States as third-party defendants is untenable for the reason that in the circumstances of this case, the action against them is itself an action against the United States. Seven Oaks v. Federal Housing Administration, 4 Cir., 171 F.2d 947, Herren v. Farm Security Administration, 8 Cir., 153 F.2d 76. An additional reason is that the joinder here is unlike the joinder of the United States and a private person under circumstances that would put upon the United States the burden of protecting its own rights by protecting also those of the private individual. Here the United States is required to protect only its own rights and to respond to no obligation except its own. In that situation, the procedure is not to dismiss the action, but to ignore the supernumerary parties. United States v. Sherwood, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058; Lynn v. United States, 5 Cir., 110 F.2d 586.

■ Most formidable of the objections is that as to venue, but this too is untenable. Here an action was commenced against Jack Star. His defense, if any, rests upon ownership of the linens in question, and that ownership, if any, derives from a contract of sale between the United States and Jack Star's principal. If he has no defense, it is because the United States broke its contract by selling him or his principal something the United States did not own. Damages to which the United States may be required to respond is the sum recovered by the plaintiffs from Jack Star. There can, in the main action, be no determination as to validity of Star's defense without a determination of the validity of title. There can be no rendition of judgment against him without a determination that his title failed. That determination is tantamount to a determination that he has a ground for recovery from the United States for breach of warranty of title. It is this overlapping and interlocking of matters in controversy which makes the third-party proceeding one in aid of, or ancillary to, the main action, and incidentally determinative of the question of venue.

■ The main action, viewed as one against Jack Star individually, should have been brought in the State of Illinois. 28 U.S.C.A. § 1391(a). That it was brought here instead does not mean that the jurisdiction of this Court did not attach.

Sec. 1406(b) of Title 28 U.S.C.A. provides: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." This, states the reviser's notes, is declaratory of prior law, under which venue provisions were held not to be jurisdictional. The necessary implication is, that the jurisdiction of this Court attached when the original complaint was filed. The Court, therefore, has jurisdiction of the main action not because the defendant Star waived the venue specification, but because jurisdiction was conferred upon the Court by statute. The result is the same as if the venue had been properly laid. The applicable rule upheld by the weight of authority is, that where the Court has jurisdiction of the main action and the third-party proceeding is ancillary thereto, the matter of

enue is excluded from inquiry. Those conditions obtain here.

Accordingly, the third-party complaint will be dismissed as to Roane-Anderson Company and United States Atomic Energy Commission, and the motion to dismiss as to the United States will be overruled.