**Mary Alice WEBER, by her next best friend, Walter B. Phelan, Plaintiff,**

v.

**David E. THRELKEL, Defendant.**

**Civ. No. 3776.**

United States District Court,
D. Wyoming.

Nov. 26, 1954.

Louis A. Mankus, Cheyenne, Wyo., for plaintiff.

Carl L. Lathrop, Cheyenne, Wyo., for defendant.

T. BLAKE KENNEDY, District Judge.

The above cause of action is before the Court on a motion to quash the service of process and dismiss the cause of action. The matter was orally argued and submitted.

The complaint shows that the cause of action is one seeking to recover damages growing out of an automobile accident occurring in the state of Wyoming on or about the 16th day of July, 1953. The complaint further shows that the plaintiff is a citizen of the state of Texas and the defendant a citizen of the state of Indiana. The alleged service was had through the provisions of a statute of Wyoming upon the Secretary of State, W.R.S.1945, § 60–1101. This is a provision which is common in many of the states of the union.

It is the contention of the defendant that the service is not legal inasmuch as the defendant has not consented to be served and sued in the United States District Court of the state of Wyoming. In a case in which the jurisdiction is founded only on diversity of citizenship an action may be brought only in the judicial district where all plaintiffs or all defendants reside. 28 U.S.C. § 1391(a). Except it has been repeatedly held that where there is a consent on the part of the defendant the matter of the venue may be waived. The question came before the Supreme Court of the United States in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, in which it appears that the defendant corporation had filed a certificate of doing business and appointed an agent upon whom process might be served in the state where the suit was brought. The Court under these circumstances held that this was in the nature of a consent to be sued in that state and held that the venue was properly satisfied. After this decision several suits arose under the statutes involving services upon a defendant who was using the highways of the state through a substituted service upon the Secretary of State. These lower courts in which Steele v. Dennis, D. C., 62 F. Supp. 73, is a sample, where a number of similar cases are collated, held that there was an analogy between this type of case and that of the corporation having designated an agent upon whom process might be served by reason of the fact that by using the highways of the state a defendant had thereby acceded to the provisions of the state law and through his act had consented to be sued therein.

However, in 1953 the Supreme Court had the matter before it again in Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, where the theory that the service of an individual through the Secretary of State was analogous and became reconcilable under the Neirbo case was exploded. In the Olberding case the Court, 346 U.S. at page 341, 74 S.Ct. at page 86, in disposing of the case uses the following language:

"This conclusion is entirely loyal to the decision and reasoning of Neirbo Co. v. Bethlehem [Shipbuilding] Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. There the defendant, a Delaware corporation, was sued by a non-resident of New York in the United States District Court for the Southern District of New York, and we found the venue requirements of what is now 28 U.S.C. § 1391(a), 28 U.S.C.A. § 1391(a) satisfied because Bethlehem had designated an agent in New York 'upon whom a summons may be served within the State of New York.' 308 U.S. at page 175, 60 S.Ct. at page 158, 84 L.Ed. 167. We held that this constituted an 'actual consent' to be sued in New York, not the less so because it was 'part of the bargain by which Bethlehem enjoys the business freedom of the State of New York'. Ibid. We further held, following Ex parte Schollenberger, 96 U.S. 369, 377, 24 L.Ed. 853, that this consent extended to all courts sitting in New York,

both federal and state. Of course this doctrine would equally apply to an individual defendant in situations where a state may validly require the designation of an agent for service of process as a condition of carrying on activities within its borders, and such designation has in fact been made. See Kane v. New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222. But here no such designation was required or made, and hence the Neirbo case has no applicability.

"The judgment is reversed."

Considering the facts set forth in the complaint and that the service of process was through the medium of a Secretary of State, there should be no doubt that this case falls within the rule of the Olberding case, supra, and it follows that the motion to quash the service of process and to dismiss the cause of action should be sustained and an order and judgment will be entered accordingly.