Kevin O'BRIEN, Plaintiff,

v.

Thomas B. ALLEN and Mary Agnes Allen, a partnership, d/b/a A. & B. Trucking Co., Defendant and Third-Party Plaintiff,

Robert Theodore WEBER, Third-Party Defendant.

Civ. A. 13618.

United States District Court
W. D. Pennsylvania.

Dec. 21, 1955.

———

Leo J. Kelly, Jr., Pittsburgh, Pa., for plaintiff.

Wm. C. Walker, Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

SORG, District Judge.

The plaintiff, Kevin O'Brien, brings this suit for personal injuries sustained in a collision which occurred in this district on June 1, 1954. The plaintiff was a passenger in an automobile driven by third-party defendant Robert Theodore Weber and which collided with a truck owned by third-party plaintiffs, Thomas B. Allen and Mary Agnes Allen, partners, doing business as A. & B. Trucking Company.

The plaintiff is a resident of the State of New York; the third-party defendant, Weber, is a resident of the State of Michigan; and the third-party plaintiffs, Thomas B. Allen and Mary Agnes Allen, are residents of the State of Ohio.

Third-party defendant, Weber, was an original defendant in this action, together with third-party plaintiffs, the Allens. The Allens waived objections to venue. This court sustained Weber's objection to venue under 28 U.S.C.A. § 1391(a) and dismissed the complaint as to him as a defendant.

Leave was granted third-party plaintiff to join Weber as third-party defendant. Weber now moves to vacate the order permitting his joinder and to dismiss the third-party complaint under 28 U.S.C.A. § 1391(a) which provides as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

The provisions of Sec. 1391(a) have no application to a third-party defendant. Sec. 1391(a) only limits venue to the Judicial District "where all *plaintiffs* or all *defendants* reside." It does not require that a third-party defendant also be a resident of the district in which the action is brought. This third-party proceeding is ancillary to the main action and the restrictions on venue do not apply to it. Moncrief v. Pennsylvania R. Co. (Erie R. Co. v. Joiner), D.C.E.D.Pa. 1947, 73 F.Supp. 815; Leatherman v. Star, D.C.E.D.Tenn.1950, 94 F.Supp. 220; 1 Barron and Holtzoff, Federal Practice and Procedure 847.

The cases cited by third-party defendant, Olberding v. Illinois Central Railroad Co., Inc., 1953, 345 U.S. 338, 74 S. Ct. 83, 98 L.Ed. 39 and McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498, have no application here. Both of these cases involved venue as between plaintiff and defendant. Neither were concerned with the venue of a third-party proceeding.

Third-party defendant's motion to vacate the order permitting his joinder and to dismiss the third-party complaint is denied.