Clara G. McGRATH, Administratrix ad prosequendum of the Estate of Harold J. McAuley, deceased and Clara G. Mc-Grath, individually, Plaintiffs,

v.

LUND'S FISHERIES, INC., a corporation of New Jersey (which was sued with Edward Hutchinson, Anthony Grasso and Ellsworth White, Defendant and Third-Party Plaintiff (Russell Selin METZGER, Helen Collins, George C. Hope, Administrator of the Estate of Welton Harmon, deceased, Jennie E. Selig, Administratrix of the Estate of Franklin L. Selig, deceased and Ralph T. Pittman, Third-Party Defendants).

Civ. A. No. 1996.

United States District Court
D. Delaware.
Jan. 19, 1959.

174

Louis J. Finger, Richards, Layton & Finger, Wilmington, Del., for Lund's Fisheries, Inc., defendant and third-party plaintiff.

William H. Bennethum, Wilmington, Del., for Russell Selin Metzger, third-party defendant.

RODNEY, District Judge.

This action grows out of a seven car automobile collision in which Harold J. McAuley, the plaintiff's intestate, was killed. The accident happened in the State of Delaware on November 7, 1956. The plaintiff, a resident of New York, commenced the action in the U. S. District Court for the District of New Jersey against four residents of New Jersey, among whom was Lund's Fisheries, Inc., a corporation of New Jersey. Subsequently, with the consent of all parties to that action, the case was transferred to the District of Delaware. In the District of Delaware Lund's Fisheries, Inc.,

filed a third party complaint against four third party defendants, all allegedly non-residents of Delaware, and among these third party defendants was Russell Selin Metzger, a resident of Pennsylvania. Counsel for Metzger has filed a motion to dismiss the complaint and the third party complaint as to him because of (1) improper venue, and (2) the impropriety of the transfer from the District of New Jersey to the District of Delaware. This is the motion here determined.

The second ground of the motion will not be elaborated. It was not mentioned in the briefs or at the argument. When the action was brought in New Jersey every defendant in that case was a resident of New Jersey and consequently the provisions of 28 U.S.C. § 1391 (a) were met. The order of transfer shows that the transfer was made with the consent of all parties and it is entirely clear that venue may be waived by the parties.[1]

The first ground of the motion presents a more interesting question. It seems clear that third party proceedings are generally considered as ancillary to such original proceedings.

It is also clear in this Circuit that when jurisdictional requirements are met in the main action, the third party claim, being ancillary to the main action, need not itself meet such jurisdictional requirements.[2]

The objecting third party defendant views the venue provisions of a different nature from a jurisdictional provision. Upon its face the objection seems to have some merit. The movant, being a resident of Pennsylvania, could not have been joined as a defendant in the original action in New Jersey and the suit prosecuted there against him without his consent or waiver and this because of the venue provisions of 28 U.S.C. § 1391(a), which requires in a diversity case that

1. Olberding v. Illinois Central R. Co., 6 Cir., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498.

2. Sheppard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841. See also 37 A.L.R.2d 1411.

all of the defendants be inhabitants of the same judicial district where not brought in the District where the plaintiff resides. Metzger could not have been joined with the other defendants and the suit prosecuted in Delaware without his consent or waiver even though the other defendants waived the venue statute. It may seem somewhat anomalous that this third party defendant of Pennsylvania can thus be brought into the action by this indirect method when he could not have been directly brought in.

The validity of the objection, however, is more apparent than real and it must be kept in mind that the original plaintiff seeks no remedy against the third party defendant. She sought no remedy in the original action and no amendment of her complaint seeks such remedy now. If she did other questions might then arise.

 There is thus raised some conflict between the aims and purposes of the third party proceeding under Rule 14, F.R.Civ.P., 28 U.S.C.A., on the one hand and on the other, the venue benefits accruing to a party by virtue of the venue statute, 28 U.S.C. § 1391(a). A main purpose of the third party proceedings is to allow all claims growing out of the same transaction to be consolidated and treated in one proceeding and thus to eliminate many separate suits involving most of the same facts and contentions. Rule 82 of the Federal Rules of Civil Procedure, however, prescribes that the rules "shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Rule 82 applies equally to jurisdiction and to venue. Just as jurisdiction of an ancillary proceeding under Rule 14 is not violative of Rule 82, so it has been held that such proceedings do not constitute an extension of the venue provision.[3]

Where an original action has been brought and a third party proceeding instituted in that action and growing out of the same transaction and involving many of the same facts, it has often been determined that such third party proceedings are purely ancillary to the original action. As such, the jurisdiction of the court in the original action inheres to the ancillary action and independent jurisdiction is not required.

A few of the older cases held that the foregoing principles did not apply to the venue of the action in the third party proceedings.[4]

██ ██ A great majority, and all of the later cases and text writers, take the position that the venue of the third party proceedings will follow that of the original proceedings and third party defendants may be brought in without regard to venue.[5]

Both the facts and conclusions of Berkey v. Rockwell Spring & Axle Co., D.C.W.D.Pa.1958, 162 F.Supp. 493 seem precisely similar to the case at bar.

I am of the opinion that the motion to dismiss the third party complaint in so far as the movant is concerned must be denied.

3. Morrell v. United Air Lines Transport Corp., D.C.S.D.N.Y.1939, 29 F.Supp. 757.

4. King v. Shepherd, D.C.W.D.Ark.1938, 26 F.Supp. 357; Lewis v. United Air Lines Transport Corp., D.C.Conn.1939, 29 F.Supp. 112.

5. Morrell v. United Air Lines Transport Co., D.C.S.D.N.Y.1939, 29 F.Supp. 757; Lesnik v. Public Industrials Corp., D.C. S.D.N.Y.1943, 51 F.Supp. 994; Moncrief v. Pennsylvania R. Co., D.C.E.D.Pa.1947, 73 F.Supp. 815; Carlisle v. Kelly Pile & Foundation Corp., D.C.E.D.Pa.1948, 77 F.Supp. 51; Leatherman v. Star, D.C.E. D.Tenn.1950, 94 F.Supp. 220, 222; Loan Star Package Car Co. v. Baltimore & O. R. Co., 5 Cir., 1954, 212 F.2d 147, 152; United States v. Acord, 10 Cir., 1954, 209 F.2d 709, certiorari denied 347 U.S. 975, 74 S.Ct. 766, 98 L.Ed. 1115; O'Brien v. Allen, D.C.W.D.Pa.1955, 137 F.Supp. 691; 3 Moore Fed.Prac., Sec. 14.28, Page 503, et seq.; 1 Barron and Holtzoff Federal Practice, Pages 135 and 847.