**Charles GORE and Vestillia Gore, Plaintiffs,**

v.

**UNITED STATES of America, Defendant and Third-party Plaintiff (Keal Driveaway Company and William H. Leathers, Third-party Defendants).**

Civ. A. No. 57-1228-F.

United States District Court
D. Massachusetts.
March 5, 1959.

James J. Nixon, Jr., Boston, Mass., for plaintiffs.

Anthony Julian, U. S. Atty., Edgar L. Kelley, Asst. U. S. Atty., Michael T. Prendergast, Boston, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

Plaintiffs bring this action against the United States under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., to recover for personal injury and property damage sustained in a collision with a motor vehicle owned by the United States and alleged to have been negligently operated by one Leathers. The United States has impleaded as third-party defendants Keal Driveaway Company and Leathers, alleging that at the time of the accident the United States vehicle was being operated by Leathers as an employee of Keal and under Keal's control while being transported by Keal under a contract with the United States. A provision of this contract required Keal to assume liability for and hold the government harmless from liability for damage to property of third persons or injury to third persons.

Keal and Leathers move to dismiss on grounds of lack of jurisdiction, improper service and improper venue.

Service in the third-party action was made by service on the Massachu-

setts Registrar of Motor Vehicles under Mass.G.L. Ch. 90 §§ 3A and 3C. Keal and Leathers argue that these provisions have no application here since the government's claim against them is based solely on contract. While the contract is an element of the government's claim against the third-party defendants, the action appears from the pleadings to be clearly one arising out of the operation by Keal, through its servant Leathers, of a motor vehicle on a Massachusetts highway. Service made under the provisions of Ch. 90 is therefore valid and a proper basis for jurisdiction over the defendants. The case of Wilson v. Hazard, D.C., 145 F.Supp. 23, has no application here. In that case the court found, on uncontroverted facts, that the person who operated defendant's motor vehicle in Massachusetts was not doing so as an agent of defendant and hence held that service on defendant under Ch. 90 §§ 3A and 3C was ineffective. Here it does not appear to be controverted, at least at this stage of the proceedings, that, as alleged, the vehicle was being operated in Massachusetts by Leathers as agent of Keal.

 The third-party defendants, in arguing that venue is improper, rely on Martin v. Fischbach Trucking Co., D.C., 9 F.R.D. 602, affirmed, 1 Cir., 183 F.2d 53. That was a diversity action arising out of an automobile collision on a Massachusetts highway, brought in this court by a Connecticut citizen against an Ohio corporation. It was held that service under the provisions of Ch. 90 was proper and that the court had jurisdiction over defendant. But it was held that defendant did not, by operating its motor vehicle in Massachusetts, thereby waive its federal venue privilege, and since the venue was not a proper one for a diversity action under 28 U.S.C.A. § 1391(a) the action was properly dismissed.

Here the venue in the original action against the United States was clearly proper under § 1402(b), being brought in the district where the accident took place. A third-party proceeding under Rule 14, F.R.Civ.P. 28 U.S.C.A., is ancillary to the main proceeding and venue may depend on the venue in the main proceeding, even though the venue would not be proper if the third-party claim were being asserted in an original proceeding. United States v. Acord, 10 Cir., 209 F.2d 709. Cf. 3 Moore's Federal Practice, 2d Ed. § 14.28, p. 504 and cases there cited. As pointed out in Acord, leave to file a third-party complaint rests in the sound discretion of the trial court and should not be denied on grounds of venue without a showing of great inconvenience to the third-party defendant. There has been no showing in this case of such inconvenience outweighing the policy of Rule 14 to settle in one proceeding all the questions of liability arising out of the same accident.

The motions of third-party defendants to dismiss are denied. Motions to extend time for filing answers allowed.