Delores BRANDT, Plaintiff,

v.

Howard Bell OLSON and Fred Carlson Company, Inc., sometimes known as Fred Carlson Company, Defendants and Third-Party Plaintiffs (Walter J. Galus, Third-Party Defendant).

Civ. No. 856.

United States District Court
N. D. Iowa, E. D.

Dec. 31, 1959.

Reed, Beers, Beers & Holmes, Waterloo, Iowa, Henry J. Brandt and Mitchell Kilanowski, Chicago, Ill., for plaintiff.

George Lindeman and Bruce M. Snell, Jr. (of Beecher, Buckmaster, Beecher & Lindeman), Waterloo, Iowa, for defendants and third-party plaintiffs.

Leo J. Cohrt (of Swisher, Cohrt, Swisher & Finch), Waterloo, Iowa, for third-party defendant.

GRAVEN, District Judge.

In this motor vehicle collision case there has been submitted to the Court a motion of the third-party defendant which raises questions as to jurisdiction, venue, indemnity or contribution, and the scope of the Iowa Nonresident Motorist Service Act.

It appears that on August 31, 1956, a collision occurred on an Iowa highway between an automobile in which the plaintiff was riding and a road grader owned by the defendant Fred Carlson Company and operated by its employee, the defendant Howard Bell Olson. The automobile in which the plaintiff was riding was being operated by the third-party defendant, one Galus. The plaintiff brought the present action in this

Court against the defendants Fred Carlson Company and Howard Bell Olson to recover for damage to her automobile and personal injuries sustained by her as a result of the collision.

Jurisdiction is based upon diversity of citizenship and the requisite amount involved in the controversy. The plaintiff is a citizen and resident of the State of Illinois. The defendant Fred Carlson Company is an Iowa corporation with its principal place of business in Iowa. The defendant Howard Bell Olson is a citizen and resident of the State of Texas. The third-party defendant is a citizen and resident of the State of Missouri. The plaintiff seeks to recover the sum of $100,000 from the defendants. The claim of the defendants for indemnity or contribution is, therefore, in excess of $10,000, exclusive of interest and costs.

Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for service by a defendant of "a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *" The purpose of Rule 14 is to avoid circuity of action and multiplicity of suits. Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 1953, 201 F.2d 408, 415, 37 A.L.R.2d 1399. In the case of United States v. Acord, 10 Cir., 1954, 209 F.2d 709, at page 712, the Court stated:

"The purpose of Rule 14 was to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits. * * *"

Rule 33 of the Iowa Rules of Civil Procedure, 58 I.C.A., is analogous to Rule 14 of the Federal Rules of Civil Procedure. See Cook, Iowa Rules of Civil Procedure, Revised Edition (1951), p. 230.

Pursuant to leave of Court, the defendants filed a third-party complaint against the third-party defendant under Rule 14(a). Service of summons was made upon the third-party defendant under the Iowa Nonresident Motorist Service Act, Sections 321.498–321.512, Code of Iowa 1958, I.C.A.

It appears that all of the States and the District of Columbia have nonresident motorist service acts. See Knoop v. Anderson, D.C.N.D.Iowa, 1947, 71 F. Supp. 832. Those acts provide that the operator of a motor vehicle, by using the highways of the particular state, shall be deemed by such use to constitute a designated public officer in the state as his agent or attorney for the service of process in actions growing out of such use.

The particular portion of the Iowa Nonresident Motorist Service Act here involved is Section 321.498, which provides as follows:

"The acceptance by any nonresident of this state of the privileges extended by the laws of this state to nonresident operators or owners of operating a motor vehicle, or having the same operated, within this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court of this state over *all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation* (emphasis supplied), and

"2. An appointment by such nonresident of the commissioner of the public safety department of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings, and

"3. An agreement by such nonresident that any original notice of suit so served shall be of the same legal force and validity as if personally served on him in this state."

Rule 4(d) (7) of the Federal Rules of Civil Procedure provides, in part, that a summons and complaint may be served in the manner prescribed by

the law of the state in which service is made. When an action is brought in federal court and a third-party claim is asserted therein which is within the scope of the nonresident motorist service act of the state in which the court is sitting, service of the third-party summons may properly be made under Rule 4(d) (7) and the court acquires jurisdiction of the third-party defendant. See Berkey v. Rockwell Spring & Axle Co., D.C.1958, 162 F.Supp. 493; Pasternack v. Dalo, D.C.1955, 17 F.R.D. 420; Weisler v. Matta, D.C.1951, 95 F. Supp. 152; Sussan v. Strasser, D.C.1941, 36 F.Supp. 266; 3 Moore's Federal Practice, 2d ed. 1948, par. 4.18. Rule 4(f), which declares that "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. * * *" is not a limitation upon Rule 4(d) (7). Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307; Holbrook v. Cafiero, D.C.1955, 18 F.R.D. 218; Pasternack v. Dalo, supra. But cf. concurring opinion of Maris, J., in McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498, 501.

The third-party defendant asserts that service of summons as to the third-party claim may not be made upon him under the Iowa Nonresident Motorist Service Act, and asks that the service of summons upon him be quashed. The third-party defendant further asserts that the Court lacks jurisdiction of his person and, in the alternative, even if the service be valid the third-party claim does not meet the venue requirements of Section 1391(a), 28 U.S.C. The third-party defendant further asserts in the alternative that even if the service be valid and the jurisdictional and venue requirements are met, the third-party complaint fails to state a claim for indemnity or contribution under the Iowa law.

 This Court has recently considered the Iowa law relating to indemnity and contribution between concurrent tort-feasors in the case of Chicago & North Western Ry. Co. v. Chicago, Rock Island & Pacific R. Co., D.C.N.D.Iowa 1959, 179 F.Supp. 33. Under the Iowa law the right of a tort-feasor to indemnity or contribution, in a proper situation, is well recognized. The Iowa rule allowing contribution between concurrent tort-feasors is of recent origin. It had its origin in the case of Best v. Yerkes, 1956, 247 Iowa 800, 77 N.W.2d 23, 60 A.L.R.2d 1354. Since the pronouncement of the Iowa Supreme Court in that case, claims for contribution in motor vehicle collision cases have become frequent. Therefore, the questions raised by the third-party defendant as to service and venue are of special importance. The third-party defendant, as noted, has sought to raise the question of the right of the defendants to either indemnity or contribution under the Iowa law. It is the view and holding of the Court that on the face of the pleadings it cannot be held as a matter of law that the third-party defendant is not or may not be liable to the defendants for all or part of the plaintiff's claim against them.

 If the Fred Carlson Company as plaintiff had brought an action in this State against Galus as defendant for damages sustained by it as a result of the collision, there would seem to be no question but that such action would constitute a civil action or proceeding against him for damages to person or property growing or arising out of the use and operation by him of a motor vehicle on the Iowa highways, and Galus does not contend otherwise. It is his contention that the claim for indemnity or contribution asserted by the defendants does not constitute a civil action or proceeding "against him for damages to person or property growing or arising out" of the operation of the automobile and use of an Iowa highway within the scope of Section 321.498. In that connection he asserts that a third-party claim for indemnity or contribution does not come within the scope of Section 321.498; that hence the Commissioner of the Public Safety Department of Iowa has not been designated his attorney or agent

for the service of process as to such claim; that consequently he has not been served with process in the manner prescribed by the law of Iowa or by any statute of the United States in accordance with Rule 4(d) (7); and that therefore this Court lacks jurisdiction of his person. The third-party defendant does not challenge the mechanics of the manner in which he was served. The question, then, is whether an Iowa Court in which a defendant is sued for damages allegedly resulting from his negligent operation of a motor vehicle upon an Iowa highway and who wishes to assert a claim for indemnity or contribution against a third party as an alleged concurrent tort-feasor, may acquire jurisdiction of such party by serving him under the Iowa Nonresident Motorist Service Act.

The Iowa Supreme Court has not passed upon the question. It is, therefore, necessary to consider decisions in cases arising under the nonresident motorist acts of other states. The decisions of other courts on the question are somewhat sparse. The case most nearly in point is Malkin v. Arundel Corp., D.C. 1941, 36 F.Supp. 948. That case involved a collision on a Maryland highway between a car driven by one Anna Malkin and carrying Irving Malkin, both of whom were Massachusetts citizens, and a car driven by a Maryland citizen as the alleged agent of a Maryland corporation. In Irving Malkin's suit against the Maryland driver and corporation, the defendants obtained an order to make Anna Malkin a third-party defendant. Anna Malkin moved to vacate the order, to dismiss the third-party complaint against her, and to quash the service of summons against her which had been made on the Maryland Secretary of State under the Maryland nonresident motorist statute, Code 1939, art. 56, § 188. That statute provided in substance that the use of Maryland roads by nonresidents "shall be deemed equivalent to an appointment by such non-resident * * * of the Secretary of State * * * to be his * * * true and lawful attorney upon whom may be served all lawful processes in any action or proceeding * * * against him * * * growing out of any accident or collision in which said non-resident may be involved, while operating or causing to be operated, a motor vehicle on such public highway." Anna Malkin contended that service upon the Secretary of State was invalid for the reason that the above provision applies only where a Maryland citizen as plaintiff is asserting an original substantive right against a nonresident, and does not authorize or contemplate such service in a third-party proceeding. The Court held that the language of the statute was broad enough to cover the third-party action insofar as the sufficiency of service was concerned.

In Maddry v. Moore Bros. Lumber Co., 1940, 195 La. 979, 197 So. 651, the Court, in response to a question certified to it by the Court of Appeal, answered that a nonresident defendant can be subjected to the jurisdiction of Louisiana courts through the substituted service of process provided for by the Louisiana statute, Act No. 184 of 1932, § 1, in an action instituted by a resident employee of such defendant for workmen's compensation, growing out of an accident or collision in which the nonresident defendant's agent was involved while operating a motor vehicle on Louisiana highways. With reference to the statute, the Court said (197 So. at page 652):

"The language used, 'any action or proceeding,' is very broad and covers the instant case. If it had been the intention of the Legislature that the service of process was to be restricted to actions ex delicto it appears that there would have been some language used to that effect. From the very language used, which is very broad and all inclusive, it would appear that it was the intention of the Legislature to embrace actions of any and every nature growing out of an accident or collision in which the non-resident is involved while making such use of the highways of this State."

Southeastern Greyhound Lines v. Myers, 1941, 288 Ky. 337, 156 S.W.2d 161, 138 A.L.R. 1461, involved a collision between the plaintiff's bus and a truck owned and operated by the defendant due to the concurrent negligence of the drivers. A passenger on the bus recovered a judgment against the plaintiff for injuries sustained in the collision. The plaintiff thereafter brought a separate action against the defendant, a nonresident, for contribution. The Kentucky statute provided, in § 12–1 thereof, that any nonresident owner or operator of any motor vehicle shall, by operating or having the same operated within Kentucky, constitute the Secretary of State his agent for the service of process "in any civil suit or proceeding instituted in the courts of the Commonwealth of Kentucky against such operator or owner of such motor vehicle, arising out of, or by reason of any accident or collision or damage occurring within the Commonwealth in which such motor vehicle is involved." The Court held that service could be had under the aforesaid provision upon the nonresident defendant in the action against him for contribution, which was authorized by statute. The Court declared (156 S.W. 2d at pages 163–164):

> "It is true the right in appellant to maintain the action arises from a contract implied from the provisions of section 484a but the subject matter of the proceeding arose out of and by reason of the accident. * * * That appellant acquired the right to assert the claim by implied contract does not militate against his right to take advantage of the provisions of section 12–1, nor does it alter the fact that the proceeding is essentially a civil case instituted in one of the courts of the Commonwealth of Kentucky against a nonresident operator and owner of a motor vehicle, arising out of and by reason of an accident occurring within the Commonwealth in which such motor vehicle was involved. That being true, the Secretary of

State was the process agent of the defendant and service on the agent brought the principal within the jurisdiction of the court."

McKay v. Citizens Rapid Transit Co., 1950, 190 Va. 851, 59 S.E.2d 121, 20 A.L.R.2d 918, is to the same effect.

In Dart Transit Co., Inc. v. Wiggins, 1953, 1 Ill.App.2d 126, 117 N.E.2d 314, plaintiff, the lessee of a truck owned and operated by the defendants, who were residents of Florida, was compelled to pay a sum to persons injured as a result of a collision in Illinois. Plaintiff then brought suit against the defendants for indemnity based, in part, on the terms of the trip lease agreement. The defendants were served under the Illinois nonresident service statute, Ill.Rev.Stat. 1951, c. 95½, § 23, which provided that the use and operation by any person of a motor vehicle over Illinois highways shall be deemed an appointment of the Secretary of State to be his attorney upon whom may be served "all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, * * *." The defendants' motion to quash summons was granted by the trial court on the ground that the cause of action arose out of a contractual obligation, rather than tort, and therefore did not grow out of the use and operation of the motor vehicle over Illinois highways. On appeal the judgment was ordered reversed, the Court holding that under the language of the statute the Secretary of State may be served with process on behalf of a nonresident in any action or proceeding against such nonresident growing out of the use of Illinois highways, and that such service of process is not restricted to actions ex delicto. The Court stated (117 N.E.2d at page 319):

> "The words 'in any action or proceeding' are unqualified, the only requirement for substituted service being that the action must grow out of the use and operation of a motor vehicle over the Illinois highways. We are of the opinion that

the accident under consideration grew out of such use, and that therefore the service of summons upon the defendants herein was proper."

The Court further declared (117 N.E. 2d at pages 316, 318) that it was impressed by the argument in the Maddry case, supra, that if it had been the intention of the legislature to restrict service of process to actions ex delicto some language to that effect would have been used.

Gore v. United States, D.C.1959, 171 F. Supp. 136, involved an action under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., to recover for personal injuries and property damage sustained by the plaintiffs in a collision in Massachusetts with a motor vehicle owned by the United States and alleged to have been negligently operated by the employee of another. The United States impleaded the driver and his employer, claiming that the vehicle was being transported by the employer under a contract with the United States which required the employer to hold the government harmless from liability for injury or damage to third persons. The third-party defendants, having been served under the Massachusetts nonresident motorist statute, M.G.L.A. c. 90 §§ 3A, 3C, argued that that statute was inapplicable because the government's claim against them was based solely on contract. In holding that the service was valid and that it had jurisdiction of the third-party defendants, the Court declared (at page 138):

"While the contract is an element of the government's claim against the third-party defendants, the action appears from the pleadings to be clearly one arising out of the operation by Keal, through its servant Leathers, of a motor vehicle on a Massachusetts highway. * * *"

As heretofore noted, the Iowa Supreme Court has not as yet passed upon the question here presented. It is, therefore, necessary to anticipate its holding on the question. The defendants in their answer to the plaintiff's complaint allege,

inter alia, that the negligence of the third-party defendant was the sole proximate cause of the collision. In their third-party complaint they allege the above and, in the alternative, that if the negligence of the defendants was a proximate cause of the collision, negligence on the part of the third-party defendant was a concurring proximate cause of the collision. The third-party defendant was operating a motor vehicle on an Iowa highway for viatory purposes. In connection with such operation and use a collision occurred.

It is the contention of the defendants that if judgment is rendered in favor of the plaintiff on her claim against them arising out of the collision, under the Iowa law they are entitled to either indemnity or contribution. In effect, the defendants are saying to the third-party defendant: "If we are required to respond in damages to the plaintiff, we want to recover over against you because it was your negligence, primarily or at least equally with our own, which caused the injuries and damages of which the plaintiff complains." It seems clear that such a claim is one for damages to person or property growing or arising out of use and operation of a motor vehicle upon the Iowa highways. The term "all civil actions and proceedings" is very broad in scope. It is the view of the Court that the third-party claim comes within the scope of Section 321.498, subd. 1 of the Iowa Nonresident Motorist Service Act, and that the Iowa Supreme Court would so hold were the question presented to it.

It is the holding of the Court that the third-party claim of the defendants is within the scope of the Act and that the motion of the third-party defendant to quash is not well taken.

■ In connection with the matter of jursdiction, it is the contention of the third-party defendant that since he is a nonresident of the State of Iowa the attempt to bring him into this action by means of Rule 14(a) constitutes an attempt to extend the jurisdiction of this Court contrary to Rule 82 of the Federal

Rules of Civil Procedure. That Rule provides: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." The federal courts have always deemed that their statutory jurisdiction is supplemented by an ancillary jurisdiction lacking express statutory authorization. The theory is that ancillary jurisdiction is essential to the independence and self-sufficiency of the federal courts. Prior to the adoption of the Federal Rules of Civil Procedure the federal courts tended to regard their ancillary jurisdiction as being somewhat limited in scope and inelastic in character. Following the adoption of the Federal Rules of Civil Procedure, with their liberal provisions as to joinder of parties and claims, the federal courts in many cases found themselves confronted with numerous parties who were asserting various and conflicting claims. With numerous parties and numerous claims being immediately before courts in the same action there was the natural wish and desire on the part of such courts to dispose of the entire litigation in the same proceeding. Because of such situations and such desire, the federal courts have, since the adoption of the Federal Rules of Civil Procedure, frequently examined and re-examined the scope and extent of their ancillary jurisdiction. Such examination and re-examination disclosed to many of such courts that their ancillary jurisdiction was much broader and much more elastic than it had previously been understood to be.

Since the adoption of the Federal Rules of Civil Procedure, it has been recognized that important provisions relating to the addition of parties would have limited effect if the same jurisdictional and venue requirements were to be applied in the case of added parties as to the action between the original parties. However, it is also recognized that while the Rules should be liberally construed, they cannot be used to extend jurisdiction or venue. Baltimore & O. R. Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481, 484, commented upon in 33 Iowa Law Review 140 (1947); Lesnik v. Public Industrials Corp., 2 Cir., 1944, 144 F.2d 968, 973. The federal courts have employed the concept of ancillary jurisdiction in an effort to balance federal jurisdictional requirements with the liberal provisions of the Rules as to additional parties. Lesnik v. Public Industrials Corp., supra, 144 F.2d at pages 973, 974; Moncrief v. Pennsylvania R. Co., D.C.1947, 73 F.Supp. 815, 816. Where a federal district court has jurisdiction of the parties and the subject matter involved in the principal action, as here, and a third-party proceeding growing out of the same transaction and involving many of the same facts as the principal action is instituted, such third-party proceeding is generally regarded as being ancillary to the principal action, so that the Court has jurisdiction of the subject matter of the third-party proceeding even though there is no diversity of citizenship between the plaintiff or defendant and the third-party defendant. That is, where the federal court has jurisdiction of the principal suit, diversity of citizenship between the plaintiff or defendant and the third-party defendant is not necessary if the third-party proceeding is ancillary to the main action. Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 1953, 201 F.2d 408, 37 A.L.R.2d 1399; Lawrence v. Great Northern Ry. Co., D.C.1951, 98 F.Supp. 746, affirmed, 8 Cir., 1953, 201 F.2d 408; 1 Barron and Holtzoff, Federal Practice and Procedure, Sec. 424. The claim of a defendant for indemnity or contribution is ancillary to the principal suit. Waylander-Peterson Co. v. Great Northern Ry. Co., supra.

In the present case it seems clear that this Court has in personam jurisdiction of the third-party defendant by virtue of the service made upon him under the Iowa Nonresident Motorist Service Act, and jurisdiction of the subject matter of the third-party complaint by virtue of its ancillary character.

There is next to be considered the contention of the third-party defendant

that the venue of the third-party claim is improper under Section 1391(a), 28 U.S.C.A. That Section provides:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

The third-party defendant contends that by virtue of the above provision he may be sued only in the judicial district in which he resides. In this connection he also refers to Rule 82 which, as heretofore noted, provides that the Rules shall not be construed to extend the venue of actions.

 Venue is a privilege personal to the defendant which he may waive either expressly or impliedly. Commercial Cas. Ins. Co. v. Consolidated Stone Co., 1929, 278 U.S. 177, 179, 49 S.Ct. 98, 73 L.Ed. 252; Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498, 499; Martin v. Fischbach Trucking Co., 1 Cir., 1950, 183 F.2d 53, 54; Heiss v. Nielsen, D.C.1955, 132 F.Supp. 541, 543; Weber v. Threlkel, D.C.1954, 126 F.Supp. 98, 99; Steele v. Dennis, D.C. 1945, 62 F.Supp. 73, 74; Krueger v. Hider, D.C.1943, 48 F.Supp. 708. It was heretofore noted that the defendant Howard Bell Olson is a citizen and resident of Texas. An answer has been filed on his behalf without an objection to venue having been made. It may be that any objection which he might have had concerning venue has been waived. At any rate, the third-party defendant cannot, and does not, urge that venue in the principal action is improper, because the privilege of objecting to venue in the main action is a personal privilege belonging to the defendant Olson and not to the third-party defendant. Until the defendant successfully asserts whatever privilege regarding venue which he may have, the main action is properly before the Court. Carlisle v. S. C. Loveland Co., Inc., D.C.1948, 77 F.Supp. 51, appeal dismissed, 3 Cir., 1949, 175 F.2d 418.

 Many of the nonresident motorist service acts, including Iowa's, are cast in terms of agreement or consent. In other words they provide that a nonresident motorist, by using the highways of a state, impliedly agrees or consents to submit to the jurisdiction of that state concerning any action for damages arising or growing out of such use. As stated by the United States Supreme Court in the case of Olberding v. Illinois Central R. Co., 1953, 346 U.S. 338, at page 341, 74 S.Ct. 83, at page 85, 98 L.Ed. 39, "The defendant may protest to high heaven his unwillingness to be sued and it avails him not. * * *" It is now authoritatively settled that, although a nonresident motorist may subject himself to the jurisdiction of a state by using its highways, such use does not in itself constitute a waiver of his venue privilege under Section 1391(a), 28 U.S.C. Olberding v. Illinois Central R. Co., supra; Lied Motor Car Co. v. Maxey, 8 Cir., 1953, 208 F.2d 672. However, those and other cases cited by the third-party defendant have to do with the matter of venue as between the parties to a principal suit. They do not deal with a situation where a third-party claim is asserted following the institution of the principal suit.

If the Fred Carlson Company and Howard Bell Olson had originally, as plaintiffs, brought suit in this Court against Galus as defendant for damages sustained by them as a result of the collision, they undoubtedly would have been met with the challenge that the venue requirements of Section 1391(a), 28 U.S. C., had not been complied with in that neither Olson nor Galus resides in this judicial district, which challenge would have been well taken.

 The question, then, is presented whether a third-party claim which is ancillary to the principal suit in the matter of jurisdiction is also ancillary in the matter of venue. In 3 Moore's Federal Practice, 2d ed. 1948, par. 14.28 [2], it is stated:

" * * * by the great weight of authority the claim of the third-

party plaintiff against the third-party defendant is regarded as ancillary for jurisdictional purposes, and hence no independent jurisdictional ground is needed to support adjudication. If then, for example, in a non-federal case a third-party proceeding is sufficiently ancillary to permit the bringing in of a third party who is a citizen of the same state as the defendant, and thus avoid the constitutional limitations on the jurisdiction of the federal courts, it should also be considered ancillary for the purpose of mere statutory restrictions on the place of trial. \* \* \*

" \* \* \* the venue statutes which are designed to govern an original action are not applicable. The courts have not been in accord on this matter. But what is believed to be the better authority supports the view herein advocated: the third-party defendant has no objection based on venue."

Decisions which support the proposition that, in third-party actions, the venue requirements of an original and independent action need not be met include United States v. Acord, 10 Cir., 1954, 209 F.2d 709, certiorari denied 1954, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115; Gore v. United States, D.C.1959, 171 F.Supp. 136; McGrath v. Lund's Fisheries, Inc., D.C.1959, 170 F.Supp. 173; O'Brien v. Allen, D.C.1955, 137 F.Supp. 691; Leatherman v. Star, D.C.1950, 94 F.Supp. 220; Carlisle v. S. C. Loveland Co., Inc., D.C.1948, 77 F.Supp. 51, appeal dismissed, 3 Cir., 1949, 175 F.2d 418; Moncrief v. Pennsylvania R. Co., D.C.1947, 73 F.Supp. 815; Gray v. Hartford Acc. & Indem. Co., D.C.1940, 31 F.Supp. 299; Morrell v. United Air Lines Transport Corp., D.C.1939, 29 F.Supp. 757. In McGrath v. Lund's Fisheries, Inc., supra, 170 F.Supp. at page 175, the Court stated:

"A few of the older cases held that the foregoing principles [that third-party proceedings are ancillary to the original action and independent jurisdiction of the third-party proceedings is not required] did not apply to the venue of the action in the third party proceedings. (Citing King v. Shepherd, D.C.1938, 26 F.Supp. 357, and Lewis v. United Air Lines Transport Corp., D.C. 1939, 29 F.Supp. 112. These cases are the ones most frequently cited in support of the minority view.)

"A great majority, and all of the later cases and text writers, take the position that the venue of the third party proceedings will follow that of the original proceedings and third party defendants may be brought in without regard to venue."

Accord, Leatherman v. Star, supra, 94 F. Supp. at pages 222–223. The reasons which give the court jurisdiction of the ancillary proceeding by virtue of its jurisdiction of the principal action also support the conclusion that venue in the ancillary proceeding may rest upon the venue in the principal action. United States v. Acord, supra; Gore v. United States, supra; Moncrief v. Pennsylvania R. Co., supra. Furthermore, " \* \* \* it is clear that the spirit and purpose of Rule 14 to a great extent would be frustrated if the venue statutes had to be applied to third-party proceedings under the Rule. \* \* \* " Moncrief v. Pennsylvania R. Co., supra, 73 F.Supp. at page 816; Morrell v. United Air Lines Transport Corp., supra, 29 F.Supp. at page 759.

■ It is clear that the Court would possess jurisdiction of the subject matter of the third-party claim even if there were no diversity of citizenship between the defendants and the third-party defendant, the reasons being that (1) the Court has jurisdiction of the parties and subject matter of the principal action and the venue requirements as to that action are met and (2) the third-party claim is ancillary to the principal action and no independent basis of jurisdiction of such claim is necessary. Under such circumstances it is also clear that the third-

party defendant would have no valid objection as to venue. It is the view of this Court that such result is not altered by the mere fact that in this case an independent jurisdictional basis exists by reason of the diversity of citizenship between the defendants and third-party defendant.

It is the holding of the Court that the venue of the third-party claim is proper.

It is hereby ordered that the motion of the third-party defendant be and the same is hereby overruled in all respects.