## McCall *v.* Gates (et al., Appellant.)

Argued March 25, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Irwin M. Ringold,* for appellant.

*Sanford M. Chilcote,* with him *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 27, 1946:

This appeal concerns the application of Rules 2077, 2078 and 2079 of the Rules of Civil Procedure, 12 P. S. Appendix.

Plaintiff was injured in a collision between the truck in which he was riding as a passenger and a car operated by E. B. Gates, the defendant. The accident occurred in Butler County. Plaintiff sued Gates in Allegheny County. Defendant instituted proceedings to join as additional defendants Meadow Gold Dairies, Inc., the owner of the truck in which plaintiff was riding, and Joseph Babriek, the driver. At the time plaintiff began his suit Joseph Babriek was a resident of Allegheny County and amenable to service there. Before the defendant moved to join him as additional defendant, Babriek had changed his residence to Wayne, Michigan. To serve him, the original defendant had the sheriff of Allegheny County send a true and attested copy of the process to the Secretary of the Commonwealth. Babriek was also served by registered mail in Wayne, Michigan. Babriek's attorney appeared de bene esse and filed a petition to set aside service under the Act of March 5, 1925, P. L. 23, 12 PS, section 672. The court denied the petition and this appeal was taken.

Rule 2077 of the Rules of Civil Procedure provides that the rules relating to non-resident defendants shall apply to "(1) actions as to which the laws of this Com-

monwealth authorize service of process upon a non-resident, or a resident who becomes a non-resident or who conceals his whereabouts". Since the Act of May 14, 1929, P. L. 1721, section 1, as amended by the Act of April 24, 1931, P. L. 50, section 1, 75 PS, section 1201, authorized such service of process on non-resident motorists, we are required to hold that the Rules of Civil Procedure define the limits of service of process on non-resident motorists: Goodrich-Amram, Stand. Pa. Practice, Procedural Rules Service, section 2077 (a)-2. Rule 2254 provides that "(a) A defendant or additional defendant shall have the same right of service as though he were a plaintiff."

Rule 2078 limits the venue of an action such as this to "(1) a county in which the defendant may be personally served; or (2) the county in which the cause of action arose." Service by having the sheriff send a copy of the process to the Secretary of the Commonwealth is only permitted, by Rule 2079, where suit is brought in the county where the cause of action arose.

Such is not the case here. The original action was instituted in Allegheny County. Since this was not where the collision occurred, no right of service on the Secretary of the Commonwealth is allowed either plaintiff or defendant. *Nathan v. McGinley*, 340 Pa. 10, 16 A. 2d 2.

Even if it be assumed, as appellee contends, that since additional defendant Babriek was a resident of Allegheny County when the collision occurred and when the action was instituted, treating the venue of this case as in a county where Babriek "may be personally served" under Rule 2078, would not cure the defect of service. If the action is instituted in a county where defendant may be personally served, personal service must be accomplished. Substituted service is, as was the former practice (*Nathan v. McGinley*, supra; *Williams et ux. v. Meredith*, 326 Pa. 570, 192 A. 924), limited to actions instituted in the county in which the event giving rise to

the action occurred. "In an action in personam the process must be served personally . . . unless a statute *clearly and definitely* manifests that a different method as to service has been promulgated by the legislature": *Heaney v. Mauch Chunk Borough,* 322 Pa. 487, 490, 185 A. 732 (italics supplied). Legislative rules as to service of process are in derogation of common law and must be strictly construed. *Williams et ux. v. Meredith,* supra.

While the facts of *Nathan v. McGinley* and *Williams et ux. v. Meredith,* supra, are distinguishable from this case, the principle enunciated in those cases rules this case. It was held in those cases that there can be no deputized service unless the action is brought in the county in which the accident occurred.

The order of the court below is reversed and the appeal sustained at appellee's cost.