**BALL et al. v. YANKEE LINES, Inc., et al.**

Civ. A. No. 8548.

United States District Court
E. D. Pennsylvania.

Jan. 4, 1950.

Pepper, Bodine & Stokes, Philadelphia, Pa., for the plaintiff.

John J. McDevitt, 3d, Philadelphia, Pa., for the defendant.

J. W. McWilliams, Philadelphia, Pa., for the third-party defendant.

GRIM, District Judge.

This is an action to recover damages for personal injuries arising out of an automobile accident in the Western District of Pennsylvania (Westmoreland County) on December 26, 1946. At the time of the accident the minor plaintiff was riding in an automobile which collided with a truck owned by the defendant. Suit was instituted by the plaintiffs in the District Court for the Eastern District of Pennsylvania, and service was made upon the defendant's agent in Philadelphia. The defendant thereupon petitioned this court, and received permission, to join the driver of the automobile in which minor plaintiff was riding at the time of the accident, as an additional defendant in the case. Service upon the additional defendant, who is a resident of Nebraska, was made by serving the Secretary of the Commonwealth of Pennsylvania in the manner prescribed by Pennsylvania law relative to service upon non-resident defendants in motor vehicle accident cases. 75 P.S.Pa. § 1201 et seq.

The additional defendant takes the position that service upon him (service upon the Secretary of the Commonwealth of Pennsylvania) was improper because the proceedings against him have been brought in a federal judicial district other than the district in which the accident took place. On this ground he has filed a motion to dismiss the action to join him as an additional defendant, which motion raises the question before the court.

There are two sections of the Federal Rules of Civil Procedure, 28 U.S.C.A., relative to the requirements for service on the additional defendant in this case. Rule 4(d) (1) provides that service may be made " * * * by delivering a copy of the summons and of the complaint to an agent authorized * * * by law to receive service of process." The other rule is 4(d) (7), which provides that " * * * it is also sufficient if the summons and complaint are served in the manner prescribed * * * by the law of the state * * *

in an action brought in the courts of general jurisdiction of that state."

Counsel for the original defendant contends that section 4(d) (1) is applicable to this case, and that the Secretary of the Commonwealth of Pennsylvania, being an agent under state law to receive service in suits against non-resident motorists in state courts, is an agent authorized "by the law of the state" to receive service of the additional defendant proceedings in this suit in the federal court. With that contention this court cannot agree.

It is true that the law of Pennsylvania gives the Secretary of the Commonwealth the right to receive service in suits against non-resident motorists and to that extent the Secretary of the Commonwealth is an agent authorized by the law of the state to receive service. But his authority is not unlimited. His authority to receive service is strictly limited to cases where the suit has been brought in the county in which the accident took place. McCall v. Gates, 354 Pa. 158, 159, 47 A.2d 211. In the present case suit has not been brought in the county in which the accident happened, nor in the federal judicial district in which the accident happened. Since, by the law of Pennsylvania, the Secretary of the Commonwealth is not an agent authorized to receive service in the type of case now before the court, service on the additional defendant cannot be sustained under section 4(d) (1).

Section 4(d) (7) of the Federal Rules is separate and independent from 4(d) (1), and, indeed, it is separate and independent from the law of Pennsylvania, except insofar as it incorporates by reference the methods of service on non-residents prescribed by Pennsylvania law.

When the Federal Rules were written the draftsmen thereof had before them the problem as to how they should set forth the method of service in suits in federal courts on non-resident motor vehicle operators. They could have set forth the method of service in detail as the draftsmen of the Pennsylvania rules have done, but, apparently to make federal service methods similar to state service methods in each state, and apparently because state officers and their duties vary considerably from state to state, they decided to incorporate into the rules by reference the various state methods for service on non-residents. They could have provided, as the Pennsylvania rules do, Rule 2078, Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, that the suits in this type of case must be brought in the county where the accident happened, or that the suits must be brought in the federal judicial district where the accident took place. Since no such requirements were written into the federal rules, it is clear that no such requirements or restrictions were intended, and that service on the Secretary of the Commonwealth in federal court cases in Pennsylvania should not be restricted to cases where suit has been brought in either the county or the judicial district where the accident took place.

Service on the additional defendant having been made in accordance with the requirements of section 4(d) (7) of the Federal Rules of Civil Procedure, the motion to dismiss the third party proceeding is dismissed.