**WEISLER v. MATTA et al.**

**FINKELSTEIN et al. v. MATTA et al.**
(two cases).

Civ. Nos. 8763–8765.

United States District Court
W. D. Pennsylvania.

Jan. 12, 1951.

John E. Evans, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiffs.

John L. Miller, Duff, Scott & Smith, John M. Reed, Pittsburgh, Pa., for defendants.

BURNS, District Judge.

Three complaints are here involved. Plaintiff in Civil Action No. 8763 is Frederick L. Weisler, ancillary administrator of deceased, Carol Finkelstein; in Civil Action No. 8764, Louise (the minor daughter of Carol), Ella (mother of Louise and widow of Carol), and administrator Weisler and Ella are plaintiffs in Civil Action No. 8765. Plaintiffs in each case named the same defendants. The causes of action asserted in the complaints arise out of a collision between the Finkelstein Ford sedan, driven by Louise, and the Matta Dodge truck, on August 17, 1949, in Westmoreland County, Pennsylvania.

All three complaints were filed originally in the Court of Common Pleas of Allegheny County, Pennsylvania, the residence of defendants. Upon petitions of defendants, the cases were removed to this Court and placed upon the jury trial list.[1]

The issues at bar stem from proceedings initiated by defendants on May 18, 1950. As to No. 8764, defendants moved to sever the claim of Louise from that of administrator Weisler and that of Ella. This motion will be granted; Jacobson v. Shober, D.C.E.D.Pa.1948, 7 F.R.D. 653, and Fisher v. Diehl, 1945, 156 Pa.Super. 476, 40 A.2d 912. As to Civil Actions Nos. 8763 and 8765, this Court granted motions of defendants (a) to make Louise (by Ella, her guardian and next friend) a party to the action, and (b) to serve a summons and third-party complaint.

On the following day, May 19, defendants filed answers in No. 8763 and No. 8765; and, by petition in each case, asked this

1. So that a lien might be asserted against the claim of administrator Weisler, the Aetna Casualty and Surety Co. has intervened in No. 8763.

154

Court to direct the Sheriff of Westmoreland County to serve process upon Louise, a non-resident of Pennsylvania, by serving the Secretary of the Commonwealth and by notifying[2] Louise by registered mail "in accordance with the provisions of Rule 2079, Pennsylvania Rules of Civil Procedure, the laws of the United States of America, and the Federal Rules of Civil Procedure in such cases made and provided." In both cases an order of court granted the petition. The sheriff of Westmoreland County did serve the Secretary of the Commonwealth and notify Louise by registered mail. Louise, appearing "specially for the purpose of raising questions of jurisdiction and validity of service," here moves to dismiss upon three grounds: (1) failure to state a claim upon which relief can be granted, (2) improper service of process, and (3) lack of jurisdiction. Louise also has moved, in the alternative, to quash service of process upon her on the ground of improper service, and she has moved to vacate the order of Court directing the sheriff of Westmoreland County to make service on her.

■ The motions to dismiss need not detain us. The third-party complaint does state a claim against Louise upon which relief can be granted. Even if it be assumed *arguendo* that the service of process upon Louise was defective, no reason exists for action so drastic as dismissal of the third-party complaint, when adequate relief could be had by quashing service. While Louise, the third-party defendant, is a citizen of the same state as are Ella and administrator Weisler, federal jurisdiction is unaffected; Smith v. Philadelphia Transp. Co., 3 Cir., 1949, 173 F.2d 721, certiorari denied, 1949, 338 U.S. 819,

70 S.Ct. 63. Consequently, the motions to dismiss will be denied.

The motions to vacate have merit only if service of process upon Louise, through the Secretary of the Commonwealth, was defective. It is therefore appropriate to consider the real question, viz., the validity of the arguments for quashing service.

■ It is clear that the service of process by the sheriff of Westmoreland County would have been found objectionable in a state court of Pennsylvania; for the complaints in both No. 8763 and No. 8765 were not filed in the county where the accident occurred, Westmoreland County. Rule 2079, Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix; McCall v. Gates, 1946, 354 Pa. 158, 47 A.2d 211.[3] It is equally clear that the Pennsylvania provisions are not to be so narrowly interpreted, for example, as to foreclose substituted service by anyone other than a Pennsylvania sheriff. Rule 4(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for service of process by "a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose." Such service was upheld by Judge Kalodner as "valid under the rules" implementing the Pennsylvania Non-Residence Service Act, in Sussan v. Strasser, D.C.E.D.Pa.1941, 36 F.Supp. 266, 269. It is further noted that § 1 of P.L. 1651, of May 23, 1949, the present Pennsylvania Non-Residence Service Act, specifically permits substituted service in any civil suit instituted in the United States District Courts of Pennsylvania against the operator or owner of a motor vehicle involved in an accident in Pennsylvania; 75 P.S. § 1201. That the Pennsylvania legislature would attempt to confine service of process

2. The petitions of defendants refer to the notification as "service". See 2 Goodrich-Amram, 1949 ed., § 2079 (a)-2, pages 59 and 60.

3. It is noted in 2 Goodrich-Amram, 1949 ed., § 2254 (a)-1, page 48, that a plaintiff can thus bar a defendant "from obtaining service outside the county by bringing his action against the defendant in a county other than that in which the

cause of action arose." As was decided in Buttson v. Arnold, D.C.E.D.Pa.1945, 4 F.R.D. 492, on another aspect of the non-resident service statutes, a federal court is powerless to accord a judicial interpretation at variance with that of the state tribunals, even though the statute is thereby materially weakened in application. The Pennsylvania legislature may consider amendments.

to its county sheriffs, even though the proceedings were in federal court, is hardly likely. More reasonable is it to construe the limitations of Rule 2079 of the Pennsylvania Rules of Civil Procedure as applying only to actions in the state courts of Pennsylvania.

It is therefore obvious that, if the complaints here under consideration initially had been filed by plaintiffs in this Court, rather than in the Court of Common Pleas of Allegheny County, the service of process here attacked would have been valid;[4] for the sheriff of Westmoreland County was "specially appointed by the court" within the meaning of Rule 4 of the Federal Rules of Civil Procedure, the manner of service met the requirements of Rule 4(d) (2), F.R.C.P., and the Pennsylvania statute permits substituted service for federal actions as well.[5] Indeed, if I were to apply the Pennsylvania rule and limit service by a marshal or special appointee to motor vehicle cases in which the actions are filed in the county where the cause of action arose, Rule 4 of the Federal Rules could be employed only in Allegheny or Erie County in this District, since a federal court is located in only those two counties of the Western District of Pennsylvania; and to such an incongruous result I cannot subscribe. See Ball v. Yankee Lines, supra, and Blunda v. Craig, D.C.E.D.Mo.1947, 74 F.Supp. 9; and see Magelssen v. Hale, D.C.W.D.Mo.1948, 81 F.Supp. 138, Morris v. Sun Oil Co., D.C.D.Md.1950, 88 F.Supp. 529, and Townsend v. Fletcher, D.C.N.D. Ohio 1949, 9 F.R.D. 711.

I am left, therefore, with the single question whether a different result should obtain because the suits were initiated in the state courts of Pennsylvania. I think not. Chapter 89 of the recently-enacted Title 28 of the U.S.Code, 28 U.S.C.A. §§ 1441–1450, and most particularly § 1448 thereof, clearly indicate that removed cases are to be handled substantially as though they had never been in the state court. See also Rule 81(c), F.R.C.P. Process was served upon the agent specified by the Pennsylvania statute, and the server of process was an individual specially appointed by this court; that the server was sheriff of a Pennsylvania county is immaterial. It is true that, by virtue of the peculiarity of Pennsylvania law as it now stands, defendant gains the right to join a third party who could not readily have been added involuntarily in the state courts; but this is not the type of difference which Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and more recent cases of that nature,[6] forbid, since Pennsylvania courts would not deny defendants their right to contribution if the proved facts so warranted. The sole variance, brought into focus by the question at bar, is that federal procedure permits, in one proceeding, the determination of the rights of all parties involved in the three actions, while Pennsylvania courts have not yet been fully granted that prerogative. The final outcome of the complaints, nevertheless, remains unaffected, both technically and substantively.

It might not be amiss to note parenthetically that the results herein reached not only conform to sound practice but impose no additional burden upon Louise. The reason asserted in Goodrich-Amram as

---

4. See Ball v. Yankee Lines, D.C.E.D.Pa. 1950, 9 F.R.D. 600. Although defendants erroneously stated that service was in accordance with Rule 2079 of the Pennsylvania rules, such a recital may be treated as surplusage, since defendants also asserted that service was in accordance with the Federal rules.

5. Louise has confined her challenge to the question of whether the Westmoreland sheriff could make valid service. I note that Louise is a minor, and consequently not within the provisions of Rule 4 (d) (1) or 4 (d) (7) of the Federal Rules; but apparently the Pennsylvania requirements for service on a minor, Rule 2029 of the Pennsylvania Rules of Civil Procedure, were here met, if the Westmoreland sheriff was authorized to make substituted service.

6. See Ragan v. Merchants Transfer Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L. Ed. 1520; Woods v. Interstate Realty Co., 1949, 337 U.S. 535, and 69 S.Ct. 1235, 93 L.Ed. 1524, and Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U. S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.

justification for the rule of McCall v. Gates, supra, is that non-residents thereby remain free from the vexation of trial in a county other than that in which the accident arose. In this instance, however, Louise voluntarily filed her action in Allegheny County, which happens to be the same as that in which this Court is held. Any arguments as to inconvenience most certainly would not be applicable in this particular case.

Accordingly, the motions of Louise for quashing of service and for vacating of the orders allowing the third-party complaints will be denied.