## BARRY v. GULDENSHUH et al.
### Civ. A. No. 11330.

United States District Court
W. D. Pennsylvania.
Jan. 21, 1954.

Margiotti & Casey, Pittsburgh, Pa., for plaintiff.

George Y. Meyer, Pittsburgh, Pa., for John F. Guldenshuh.

Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for Middle Atlantic Transp. Co.

Brandt, Riester, Brandt & Malone, Pittsburgh, Pa., for third-party defendant.

GOURLEY, Chief Judge.

In this action, based on negligence, the third-party defendant, Ferrill, brings motion to dismiss the action of the original defendant, Guldenshuh, in joining him as third-party defendant. Diversity of citizenship exists between the plaintiff and defendant. Plaintiff claims no right to recover against the third-party defendant.

The motion is premised on the ground that the action is brought in the wrong district in view of the fact that the collision upon which the action is founded occurred in Fulton County, Pennsylvania, Middle District of Pennsylvania.

Where a third-party defendant is involved, this Circuit has developed the basic principle that the fact that the original plaintiff is a resident of the same state as the third-party defendant would not deprive the federal court of diversity jurisdiction. Smith v. Philadelphia Transp. Co., 3 Cir., 173 F.2d 721. Clearly, if jurisdiction is not denied a district court where plaintiff and third-party defendant reside in the same state, certainly, it would appear an anomaly to deny jurisdiction merely because the collision occurred in another district of Pennsylvania other than where this court happens to preside.

An appropriate order is entered.