**CLADITIS et al. v. WAINWRIGHT.**

Civ. A. No. 11882.

United States District Court
W. D. Pennsylvania.

March 19, 1954.

Herbert Jacobson, Pittsburgh, Pa., for plaintiff.

Sherriff, Lindsay, Weis & McGinnis, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this action, based on negligence, defendant moves for dismissal on the ground that the action is brought in the wrong district in view of the fact that the collision upon which the action is founded occurred in Fulton County, Pennsylvania, Middle District of Pennsylvania.

This action was instituted by plaintiffs to recover damages for injuries resulting from an accident which occurred on the

Pennsylvania Turnpike in Fulton County, Middle District of Pennsylvania.

Jurisdiction in this court is based upon diversity of citizenship, the defendant being a resident of the State of Ohio and the plaintiff a resident of the Western District of Pennsylvania. Suit was filed in the Western District of Pennsylvania and service was made on the Secretary of the Commonwealth of Pennsylvania with notice being given to the defendant by registered mail.

Since service was secured pursuant to the provisions of the Pennsylvania Non-Resident Motorist Act which requires that any suit instituted in the State Courts must be brought in the county in which the cause of action arose, it is contended that venue does not lie in the Western District, 75 P.S.Pa. § 1201, as modified by Pennsylvania Rules of Civil Procedure, Rules 2076–2082, 12 P.S.Appendix.

The applicable venue provisions of the United States Code are set forth in 28 U.S.C.A. § 1391 as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

In view of the fact that all the plaintiffs, in the case at bar, are residents of the Western District, it would appear that venue lies in this district in conformity with provision of United States law. The federal provision thus enunciated would bar plaintiffs from seeking relief in the federal courts in the Middle District, and it would prove an anomaly to remand the plaintiffs to the Middle District when venue would not lie.

It is my judgment that service on the Secretary of the Commonwealth in federal court cases in Pennsylvania should not be restricted to cases where suit has been brought in either the county or the judicial district where the accident took place. Ball v. Yankee Lines, Inc., D.C., 9 F.R.D. 600; Barry v. Guldenshuh, D.C.W.D. of Pa., 118 F. Supp. 267.

Motion to dismiss will be refused.

An appropriate order is entered.