June Marian BERKEY, Administratrix of the Estate of Floyd Berkey, Deceased, Plaintiff,

v.

ROCKWELL SPRING & AXLE COMPANY, Defendant (Baughman Construction Company, Third-Party Defendant).

Civ. A. 15042.

United States District Court
W. D. Pennsylvania.

May 29, 1958.

Thomas Eddy, Pittsburgh, Pa., for plaintiff.

Donald W. Bebenek, George Y. Meyer, Pittsburgh, Pa., for defendant.

William A. Challener, Jr., Pittsburgh, Pa., for third-party defendant.

MARSH, District Judge.

This action was brought to recover damages for the death of Floyd Berkey, which occurred on September 23, 1955, as a result of the alleged negligence of Rockwell Spring & Axle Company, when a tractor which he was operating in the scope of his employment turned over on Pennsylvania Highway No. 88 in Washington County, Pennsylvania.

It appears from the pleadings that the plaintiff is the administratrix of the estate of Floyd Berkey and is a citizen of the United States and resident of Maryland;[1] that the defendant, Rockwell Spring & Axle Company, is a Pennsylvania corporation, having its principal place of business in Allegheny County, Pennsylvania, in this judicial district; and that Baughman Construction Company, decedent's employer, was a Maryland corporation.

The defendant, as third-party plaintiff, secured an order under Rule 14, Fed.R.Civ.P., 28 U.S.C.A., granting it leave to serve upon Baughman Construction Company a summons and third-party complaint, alleging, inter alia, that Baughman was the owner of the tractor involved in the highway accident, and that its negligence was the sole or joint cause of the death of plaintiff's decedent.

From the pleadings it is obvious that the third-party action is ancillary to the main action, and no contention has been made to the contrary.

On December 18, 1957, the summons and third-party complaint were served by the United States Marshal upon the Secretary of the Commonwealth of Pennsylvania by registered mail, and certified copies of same were sent by registered mail and received by the third-party defendant.

The third-party defendant moves to dismiss the third-party complaint for lack of proper venue, insufficiency of service of process, and lack of jurisdiction. We think the motion should be denied.

First, the third-party defendant argues that "venue is lacking because all of the plaintiffs and all of the defendants do not reside in the Western District of Pennsylvania".

The original action brought by plaintiff against defendant presumably is founded on diversity of citizenship. Since the original action was brought in this judicial district where the original defendant is regarded as residing, it satisfies the venue statute, 28 U.S.C.A. § 1391, and the ancillary action between the third-party plaintiff and defendant need not. United States v. Acord, 10 Cir., 1954, 209 F.2d 709, certiorari denied 347 U.S. 975, 74 S.Ct. 766, 98 L.Ed. 1115; Moncrief v. Pennsylvania R. Co., D.C.E.D.Pa.1947, 73 F.Supp 815; Vol. 3 Moore's Federal Practice ¶14.28 [2], page 504; Federal Practice and Procedure, Barron and Holtzoff, § 71, page 135.

Second, the third-party defendant argues that "the provisions of the Motor Vehicle Code of Pennsylvania, which provide for service of process on the Secretary of Revenue [Commonwealth] against a non-resident where an accident has occurred within the Commonwealth involving a motor vehicle,

---

1. It is assumed for the purpose of the motion under consideration that plaintiff is also a citizen of Maryland.

does not apply to an accident involving a tractor."

There seems to be no doubt that the earth-moving equipment involved in the accident alleged in this case is a tractor within the meaning of the Motor Vehicle Code [2] and the Tractor Code.[3]

The Non-Resident Motorist Statute, as amended,[4] inter alia, provides that any non-resident being the operator or owner of any motor vehicle, who shall accept the privilege of operating a motor vehicle, or of having same operated, within the Commonwealth, shall make and constitute the Secretary of the Commonwealth his agent for service of process in any civil suit instituted in the United States District Court of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident occurring within the Commonwealth in which such motor vehicle was involved.

We are of the opinion that this Act applies to the owner of a tractor.

In this respect, we agree with the learned author of Standard Pennsylvania Practice, Goodrich-Amram Vol. 2, § 2077(a)–6, who states:

"The Non-Resident Motorist Act applies to the owner or operator of any 'motor vehicle,' but does not define the term. In the absence of any limitation, this term should be construed broadly to include not merely automobiles, trucks and trailers but also tractors, mobile agricultural machinery, power shovels, and similar motor-propelled equipment. The fact that the legislature selected the broader term 'motor vehicle' instead of 'automobile' suggests that such a broader construction was intended."

If it should be thought that a tractor is not included in the term "motor vehicle" as used in the Non-Resident Motorist Statute, then we think the substituted service in this case could be sustained under the Act of 1957, July 11, P.L. 711, subd. B.[5] For although it does does not appear that the third-party defendant was a corporation qualified to do business in Pennsylvania, uncontradicted affidavits filed by the third-party plaintiffs show that the third-party defendant corporation was doing business in Pennsylvania at the time of the accident. The Act of 1957 provides for service of federal process on the Secretary of the Commonwealth "in any action arising out of acts or omissions" within the Commonwealth of a foreign business corporation not authorized to do business in this Commonwealth. See: Florio v. Powder Power Tool Corp., 3 Cir., 1957, 248 F.2d 367; Jenkins v. Dell Publishing Co., D.C.W.D.Pa.1955, 130 F.Supp. 104; Orris v. Pennsylvania Power Co., 1958, 106 Pittsb.Leg.J. 147.

We hold that the substituted service executed on the third-party defendant was proper and authorized in accordance with Pennsylvania law.

Third, the third-party defendant argues that Rule 2079 of the Pennsylvania Rules of Civil Procedure, 12 Purdon's Pa.Stat.Ann., Appendix,[6] does not authorize substituted service upon it because the accident occurred in Washington County, and the action was com-

---

2. 75 Purdon's Pa.Stat.Ann. § 2 (1957 Supp.).

3. 75 Purdon's Pa.Stat.Ann. § 862 (1957 Supp.).

4. 75 Purdon's Pa.Stat.Ann. § 1201 (1957 Supp.).

5. 15 Purdon's Pa.Stat.Ann. § 2852–1011, subd. B, (1957 Supp.).

6. "Rule 2079. Service of process
"(a) If an action of the class specified in Rule 2077(a) (1) is commenced in the county in which the cause of action arose, process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process:
"(1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and
"(2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

menced in the United States District Court situate in Allegheny County. Washington County is included in this judicial district.

■ It is to be observed that under Rule 4(d) (7), Fed.R.Civ.P., the substituted service authorized by the Non-Resident Motorist Statute is available to a third-party plaintiff in an action commenced in a federal court. Ball v. Yankee Lines, D.C.E.D.Pa.1950, 9 F.R.D. 600; Sussan v. Strasser, D.C.E.D. Pa.1941, 36 F.Supp. 266. See also, Standard Pennsylvania Practice, Goodrich-Amram, Vol. 2, § 2077(a)–8.

Although no decision of the Court of Appeals for this Circuit involving the precise issue has been brought to our attention, several district court decisions have uniformly sustained the validity of substituted service upon non-residents where the vehicular accident occurred in a county other than that in which the federal court was situate.[7]

■ It may be gathered from these cases that Rule 2079, Pa.R.Civ.P., is a procedural rule binding only on state courts and does not operate to destroy a federal court's jurisdiction over the person of a non-resident operator or owner of a motor vehicle upon whom substituted service has been made in accordance with the Non-Resident Motorist Statute and Rule 4(d)(7), Fed.R.Civ.P. Cf. Hopkins v. Pennsylvania Power & Light Co., D.C.E.D.Pa.1953, 112 F.Supp. 136.

Again, if it should be deemed that the Non-Resident Motorist Statute does not apply to a tractor, we think effective service upon the third-party defendant, owner of the tractor involved, an unqualified foreign business corporation doing business in Pennsylvania, was obtained pursuant to the Act of 1957, July 11, P. L. 711, subd. B, supra. As pointed out in Orris v. Pennsylvania Power Co., su-

pra, the fact that the accident occurred in a county other than that in which suit was brought is immaterial and substituted service through the Secretary of the Commonwealth was held to be valid.

We therefore hold that in this civil action brought in this federal court, the service of process upon the Secretary of the Commonwealth and notice to the non-resident owner of the tractor, the third-party defendant constitute good and valid service upon it, and this court has jurisdiction of its corporate person.

An appropriate order denying the motion will be entered.

---

7. Claditis v. Wainwright, D.C.W.D.Pa. 1954, 119 F.Supp. 739; Giffin v. Ensign, D.C.M.D.Pa.1953, 15 F.R.D. 200, affirmed, 3 Cir., 1956, 234 F.2d 307; Weisler v. Matta, D.C.W.D.Pa.1951, 95 F. Supp. 152; Ball v. Yankee Lines, D.C. E.D.Pa.1950, 9 F.R.D. 600; Iser v. Brockway, D.C.W.D.Pa.1938, 25 F.Supp. 221; O'Donnell v. Slade, D.C.M.D.Pa. 1933, 5 F.Supp. 265.