## Commonwealth v. Lepley

*Candor, Youngman & Gibson*, for appellant.
*John P. Campana*, for Commonwealth.

GREEVY, J., February 20, 1959.—Defendant, Edward Lepley, Jr., has been charged with operating a tractor without registration, in violation of The Tractor Code of May 1, 1929, P. L. 1005, art. II, sec. 201, as amended, 75 PS §891. Pursuant to section 704 of The Tractor Code, 75 PS §1094, summary hearing was waived.

The material facts are these: Defendant, an employe of a highway contractor, was operating a piece of equipment known as a pay-loader within the area of the construction project of his employer. The loader was self-propelled, not used to draw any other vehicles and was not operated at any time outside the limits of the project. It was designed and built primarily for a front-end loader to pick up dirt, pipe or other material and move it from one spot to another. On the date and time in question the employer was under contract with the Department of Highways and was still engaged in working on the section of road involved, which road had not yet been accepted by the Department of Highways but was open to public travel.

From the testimony the court makes the following

### Findings of Fact

1. That on October 17, 1957, defendant was an employe of Middle Creek Construction Company.

2. That on October 17, 1957, about 8:15 a.m., defendant was operating a piece of equipment owned by his employer within the area of the construction project of the employer.

3. That on the date and time in question the equipment operated by defendant was not registered with the Department of Revenue nor was registration plate displayed on the equipment.

4. That on the date and time in question the equipment operated by defendant was not a "tractor" as defined in section 102 of The Tractor Code, 75 PS §862.

### Discussion

Section 201 of The Tractor Code sets forth:

"Except as hereinafter provided, no tractor shall be operated or driven upon any highway of this Commonwealth until the said tractor shall have been reg-

istered with the department as hereinafter provided, and the registration plate that has been issued for the vehicle for the current year is received and displayed as required by this act.

"Tractors including farm wagons and agricultural equipment drawn by tractors, used exclusively by any person upon the farm or farms he owns or operates, or upon highways, connecting by a direct route, any farms or portions of farms under the ownership or operation of such person, to any other farm or to any garage for the purpose of having the same repaired, shall be exempt from registration."

A tractor defined in section 102 as:

"Every vehicle of the tractor type which is self-propelled, designed and used for drawing other vehicles and not so constructed as to carry a load thereon either independently or any part of the weight of a vehicle or load so drawn, excepting road rollers, ditch diggers, or vehicles used exclusively upon stationary rails or tracks. In the case of motor vehicles, as defined in the Vehicle Code, which cannot be used as motor vehicles, the secretary may determine in each case whether or not such motor vehicle is of the tractor type, and in making such determination the secretary shall consider the purpose for which such motor vehicle shall be used."

It is the contention of the Commonwealth that the type vehicle in question has been determined by the Secretary of Revenue to be the tractor type. It is noted that this authority to the Secretary of Revenue is given "in each case", taking into consideration the "purpose for which the motor vehicle shall be used", and does not extend to the type of vehicle used. No evidence appears of record that a determination was made by the Secretary of Revenue "in this case" on the specific equipment here involved. Neither the De-

partment of Revenue nor any other agency of the Commonwealth notified the owner of any determination that this vehicle was of the tractor type, nor did they notify the owner that registration of this specific vehicle or this type of equipment was required.

We find that there has been no official determination in this case by the Secretary of Revenue. The equipment here in question is known as a loader, is a vehicle constructed to carry a load thereon and is not a tractor within the meaning of The Tractor Code.

We are not in accord with the assumption of the United States District Court for the Western District of Pennsylvania in the case of Berkey v. Rockwell Spring & Axle Company, 162 F. Supp. 493, in which they held: "There seems to be no doubt that the earthmoving equipment . . . is a tractor within the meaning of the Motor Vehicle Code and the Tractor Code."

In view of the above finding it is unnecessary to discuss the other point in question but in our opinion the road upon which defendant was operating the equipment on the date and time in question was "a highway" of the Commonwealth as defined in section 102 of The Tractor Code, 75 PS §862. See Commonwealth v. Weik, 188 Pa. Superior Ct. 391.

### Conclusions of Law

1. The equipment operated by defendant on the date and time in question was not a tractor as defined in section 102 of The Tractor Code.

2. That on the date and time in question defendant, Edward Lepley, Jr., did not violate section 201 of The Tractor Code.

### Sentence

And now, February 20, 1959, defendant is found not guilty. Costs on the county.