Paul MARIANI and Santa Mariani

v.

Morris ARSHAM.

Civ. A. No. 28169.

United States District Court
E. D. Pennsylvania.

Oct. 5, 1960.

Haws & Burke, by Thomas J. Burke, Ardmore, Pa., for plaintiff.

Swartz, Campbell & Henry, by Joseph Head, Jr., Philadelphia, Pa., for defendant.

WOOD, District Judge.

This action involves a motor vehicle accident which took place in Somerset County, Pennsylvania. The plaintiffs are residents of Ardmore, Pennsylvania; the defendant is a resident of Cleveland, Ohio.

The defendant was served in the following manner: A copy of the complaint and the summons were sent by registered mail to the Secretary of the Commonwealth of Pennsylvania; a copy of the complaint and summons were also sent by registered mail to the defendant in Cleveland, Ohio. This service was made pursuant to Pennsylvania law. The relevant statute provides as follows:

"§ 1201. Service of process in action against nonresident or absent owner or operator of motor vehicle; constituting state official agent to accept service.

"From and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle * * * within the Commonwealth of Pennsylvania * * * shall, * * * by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania * * * arising out of * * * any accident or collision occurring within the Commonwealth * * * *" 75 Purdon's Stat. § 1201; P.L. 1721, § 1, 1929, as amended.

The Rules of Civil Procedure of Pennsylvania supplement the above statute by providing that process may be served as provided only if an action is commenced in the county in which the accident occurred.[1]

This procedure for serving a nonresident defendant in a case arising out of a motor vehicle accident occurring within Pennsylvania is incorporated by reference in the Federal Rules of Civil Procedure. Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"Process.

"(d) Summons: Personal Service. * * * Service shall be made as follows: * * *

"(7) Upon a defendant * * * it is also sufficient if the summons and complaint are served * * * *in the manner prescribed by the law of the state in which the service is made* for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." (Emphasis supplied.)

In the case at bar, the defendant has moved to dismiss the action on the ground that the method of service outlined by the quoted Pennsylvania statute and Rule was not followed in that the accident occurred in Somerset County and the suit

---

[1]. See Rule 2079 of the Rules of Civil Procedure which provides:
"(a) If an action * * * is commenced in the county in which the cause of action arose, process may be served upon the defendant * * * by having the sheriff of said county send by registered mail * * * a true and attested copy of the process:
"(1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and
"(2) to the defendant at his last known address * * * *"
12 Purdon's Stat., Appendix.

has been instituted in Philadelphia County. Therefore, argues the defendant, according to the Pennsylvania Rules of Civil Procedure, service may not be had upon an out-of-state defendant under the provisions of the nonresident motorist statute.

This precise argument was presented to our colleague Judge Grim in the case of Ball v. Yankee Lines, Inc., D.C.1950, 9 F.R.D. 600, 602. Judge Grim rejected the argument stating:

"* * * They [the draftsmen of the Federal Rules] could have set forth the method of service in detail as the draftsmen of the Pennsylvania rules have done, but, apparently to make federal service methods similar, to state service methods in each state * * * they decided to incorporate into the rules by reference the various state methods for service on nonresidents. They could have provided, as the Pennsylvania rules do, Rule 2078, Pennsylvania Rules of Civil Procedure, 12 P.S., Appendix, that the suits in this type of case must be brought in the county where the accident happened * * *. Since no such requirements were written into the federal rules, it is clear that no such requirements or restrictions were intended, and that service on the Secretary of the Commonwealth in federal court cases in Pennsylvania should not be restricted to cases where suit has been brought in either the county or the judicial district where the accident took place." At page 602.[2]

We agree with Judge Grim and with the other district court judges who have reached the same result.

### Order

And now, to wit, this 5th day of October, 1960, it is hereby ordered that the defendant's motion to dismiss this suit is denied.

2. In accord, see Weisler v. Matta, D.C. 1951, 95 F.Supp. 152; Berkey v. Rockwell Spring & Axle Co., D.C.1958, 162 F.Supp. 493; Claditis et al. v. Wainwright, D.C.1954, 119 F.Supp. 739.