**Weiser v. Lerch**

*William G. Bass,* for plaintiff.

*Preston W. Moritz,* for defendant.

FRANCIOSA, J., May 5, 1970.—Plaintiff instituted this trespass action as a result of an automobile accident which occurred in this county. Since all of defendants are nonresidents, service of process was made through the Secretary of the Commonwealth under the provisions of the Nonresident Motorist Service Act of May 14, 1929, P. L. 1721, as amended, 75 PS §2001. Substituted service was perfected upon Chrysler Leasing Corporation, a Michigan corporation; Econo Car International, a Florida corporation; and Rand Car Rental, a New Jersey corporation. Similar attempts to serve Dianne M. Lerch have failed. Her whereabouts continue to be unknown.

Each corporate defendant filed preliminary objections, contending that the Nonresident Motorist Service Act, supra, is not available to acquire jurisdiction over any of them. In support of their position, the corporate defendants rely upon the deposition of Joseph F. Rand, president of Rand Car Rental,

which was taken to assist the court in its determination of jurisdiction.

The deposition establishes that the corporate defendants differed in their legal relationship to the motor vehicle involved in the accident with plaintiff. For this reason, we make separate determinations of their attacks on the jurisdiction of this court.

Turning our attention to defendant, Chrysler Leasing Corporation, the record indicates it was the registered owner of a motor vehicle which was involved in an accident in Northampton County. Substituted service under the Nonresident Motorist Service Act, supra, is valid on a nonresident when it is based upon registered ownership: Lehigh Valley Transit Co. v. Yatch, 75 D. & C. 381 (1950).

Moving to the objection of defendant, Econo Car International, its challenge of this court's jurisdiction must be sustained. Econo Car International is a Florida corporation, and has no place of business in Pennsylvania. Its sole function was to satisfy the advertising and insurance needs of its franchisee, Rand Car Rental. It had no ownership interest in or control over the motor vehicle involved in the accident described in plaintiff's complaint.

Application of the statute to Rand Car Rental requires more comment. When deposed, Joseph Rand stated that Rand Car Rental was the mere lessee of the vehicle involved in the accident. He disclosed that the vehicle, a 1967 Valiant, was possessed under a lease arrangement with Chrysler Leasing Corporation. As lessee, Rand Car Rental offered the automobile for hire to the general public. On April 20, 1967, the Valiant was rented to a David N. Carman, R. D. 2, Douglasville, Pa. The rental agreement with David Carman originated at Rand Car Rental's place of business in Somerville, N. J. Under its terms, David Carman agreed to return the automobile there upon

expiration of the rental term. The car was not returned within the specified period, and Rand Car Rental initiated a complaint of theft by conversion with the Somerville Police Department. Approximately six months passed before the Valiant was located in Easton, Pa., and repossessed by Rand Car Rental. According to Joseph Rand, there is no record that Dianne M. Lerch rented a car from Rand Car Rental. He does not know her, and he has no direct knowledge of any of the facts involved in plaintiff's claim.

In view of this deposition, we question the liability, either directly or vicariously, of Rand Car Rental. The merits of its defense, however, is not the question to be determined. Our inquiry is only whether they need enter it before this court.

We think Rand Car Rental is so compelled. Although it is the lessee of a motor vehicle, as such, the facts of record indicate it controlled the use of the Valiant which was leased from Chrysler Leasing Corporation. How the vehicle was to be used, where and by whom were matters left to the discretion of Rand Car Rental. That management of the use of motor vehicles is the very essence of a rent-a-car business cannot be disputed.

Statutes authorizing substituted service are in derogation of the common law and must be strictly construed. McCall v. Gates, 354 Pa. 158 (1946); Deck v. McLean Trucking Co., 11 Lebanon 268 (1967).

While we are inclined to agree with the logic of this rule of statutory construction, we do not believe that Rand Car Rental is the kind of lessee which is in the position to urge such a narrow interpretation. The situation before us demonstrates that the conduct of its car rental business cannot be limited to the State of New Jersey. This is understandable, because once it releases a motor vehicle to a member of the public,

there is no way to prevent its movement onto the highways of neighboring States. In addition, the financial benefit it realizes does not stop at the State line. The mileage rate goes on no matter whose highways are necessary to accommodate the use of its customers.

We are persuaded that the Pennsylvania legislature intended that those nonresidents accepting the privilege extended by the Commonwealth to them of operating vehicles or having them operated within the Commonwealth shall, by such acceptance, constitute the Secretary of the Commonwealth their agent for service of process. We see no reason to exclude Rand Car Rental because it prefers to lease rather than own its business equipment. As a lessee engaged in the car rental business, it was a person accepting the privilege of having vehicles operated within this Commonwealth. This suit arises out of one such use of the privilege. It appears to have been unprofitable; nevertheless, it began as a transaction in furtherance of Rand Car Rental's business. It must accept the responsibility of following the Valiant automobile which it chose to rent to a member of the general public. The burden is inherent to the operations of its type of business.

We hold, therefore, that defendant, Rand Car Rental, is subject to jurisdiction by reason of valid service effected on the corporation in accordance with the Pennsylvania Nonresident Motorist Service Act, supra.

Our decision that the Nonresident Motorist Service Act, supra, is applicable makes it unnecessary to discuss plaintiff's suggestion that the preliminary objections be stricken because they were not verified.

## ORDER

And now, May 5, 1970, the preliminary objections filed on behalf of defendants, Chrysler Leasing Corporation and Rand Car Rental, in the nature of ques-

tion of jurisdiction of this court are overruled, denied and refused. The suit commenced by plaintiff's complaint in trespass may proceed against such corporate defendants.

The preliminary objections filed on behalf of the defendant, Econo Car International, are sustained and its motion to dismiss the complaint for lack of jurisdiction is granted. The court discharges Econo Car International as a named defendant in this action of trespass instituted by plaintiff.