## Gordon v. Weinstone

*Allan Kaufman,* for plaintiffs.
*Francis R. Lord,* for defendants.

CATANIA, J., July 5, 1972.—This matter comes before the court on defendants' petition to strike and/or open a judgment which was entered against them for failure to file an answer or enter an appearance to a complaint in trespass. The judgment was entered on October 7, 1970. On October 18, 1971, defendants filed their aforesaid petition and on the same date, this court issued a rule upon plaintiffs to show cause why the judgment entered by default should not be stricken and/or opened. The rule was made returnable on December 5, 1971. On November 4, 1971, plaintiffs filed an answer to said petition and a hearing on the matter was held on December 17, 1971. The notes of testimony were transcribed and filed on January 18, 1972, and thereafter briefs were submitted by both parties.

To resolve the issue in this case, we must determine from the record whether proper service of plaintiffs' complaint was made upon defendants. The record establishes that the minor plaintiff was injured in an accident which occurred in the summer home of defendants in Loveladies Harbor, N. J. Plaintiffs filed their

complaint against defendants in Delaware County, the county in which defendants resided. The Sheriff of Delaware County was unsuccessful in making service on defendants and filed his return "not found." Plaintiffs then reinstated their complaint and again the sheriff was unable to make service on defendants and filed his return "not found." Plaintiffs then reinstated their complaint and again the sheriff was unable to make service on defendants and filed his return "not found." Plaintiffs again reinstated the complaint and service was made by the sheriff sending a true and attested copy of the process to the Secretary of the Commonwealth. Defendants were also served by registered mail in Loveladies Harbor, N. J.

Plaintiffs contend that defendants concealed their whereabouts and, therefore, proper service was made upon them under Rules 2077, 2078 and 2079 of the Rules of Civil Procedure.

Rule 2077 provides that the rules relating to defendants who conceal their whereabouts shall apply to:

"(1) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident or a resident who becomes a non-resident or who conceals his whereabouts."

Plaintiffs have pointed to no law of the Commonwealth authorizing service upon one who conceals his whereabouts in a trespass case which occurred in a foreign jurisdiction, nor has our research unfolded any such law.

Rule 2078 limits the venue of an action set forth in rule 2077 (a) (1) to "(1) the county in which the defendant may be personally served; or (2) the county in which the cause of action arose."

"Service by having the sheriff send a copy of process to the Secretary of the Commonwealth is only permitted by Rule 2079, *where suit is brought in the county*

*where the cause of action arose"*: McCall v. Gates, 354 Pa. 158. (Italics supplied.) Since plaintiffs did not commence their action in the county in which the cause of action arose, the service of process by sending a copy of the same to the Secretary of the Commonwealth is improper and defective. The default judgment based on such service is a nullity and the same will be stricken: Tyne v. Mamenko, 49 D. & C. 2d 415. Whereupon, we enter the following:

## ORDER

And now, to wit, July 5, 1972, the rule to show cause directed to plaintiffs by this court on October 18, 1971, be and the same is hereby made absolute and the judgment by default of October 7, 1970, against defendants, Howard Weinstone and Elaine Weinstone, is hereby stricken.