**Ronald J. BURBANK**

v.

**Eugene H. GRANT.**

**Civ. A. No. 72-481.**

United States District Court,
E. D. Pennsylvania.

Sept. 8, 1972.

Jack E. Feinberg, Feinberg, Deutsch & McErlean, Philadelphia, Pa., for plaintiff.

John F. Naulty, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VAN ARTSDALEN, District Judge.

The defendant has moved to dismiss the complaint pursuant to Rule 12, Federal Rules of Civil Procedure, or in the alternative to transfer the action to the Western District of Pennsylvania. The defendant does not specify whether his motion to dismiss is based on Rule 12(b)(3)—improper venue; or Rule 12(b)(2)—lack of jurisdiction over the person. The answer filed asserts that "[t]here is no jurisdiction or venue in the Eastern District of Pennsylvania," and, therefore, both venue and jurisdiction over the person will be considered.

The plaintiff is a citizen of Pennsylvania, residing in the Eastern District of Pennsylvania.[1] The motor vehicle collision giving rise to the cause of action occurred in Bedford County which is in the Western District of Pennsylvania. The defendant is a citizen and resident of the Commonwealth of Virginia.

Service of process was made by the United States Marshal serving the Secretary of the Commonwealth of Pennsylvania by registered mail and notifying the defendant by registered mail. Rule 2079(a) of the Pennsylvania Rules of Civil Procedure provides that if an action is commenced in the county in which the cause of action arose and there is a statute authorizing service upon a non-resident, process may be served by the sheriff of the county send-

---

1. In defendant's motion to dismiss, assertion was made that plaintiff was residing in the Middle District of Pennsylvania. Plaintiff has filed an affidavit that he resides in the Eastern District, and defendant's counsel advised that he con-cedes this. In any event for purposes of this decision, the residence of plaintiff within the Eastern District of Pennsylvania is assumed to be established as factually accurate.

ing by registered mail a true and attested copy of the process to the Secretary of the Commonwealth and to the defendant at his last known address with an endorsement showing that service was made on the Secretary of the Commonwealth. The non-resident motorists statute of Pennsylvania—Act of May 14, 1929, P.L. 1721 as amended, 75 P.S. § 2001—provides for service upon a non-resident motor vehicle operator and constitutes the Secretary of the Commonwealth as "agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against such operator."

The sole question is whether in a diversity action filed in federal district court service upon a non-resident motorist through the Secretary of the Commonwealth as the statutory agent is valid and venue proper only if the action is filed in the federal judicial district in which the cause of action arose.

■ Non-resident motorists statutes providing for out-of-state service by serving process upon a statutory agent with reasonable means of notice to the defendant comport with due process and are constitutionally valid. Olberding v. Illinois Central R.R., 346 U.S. 338, 74 S. Ct. 83, 98 L.Ed. 39 (1953). If service of process is made in accordance with Pa.R.Civ.P. 2079(a) and complies with the federal venue statute, Title 28 U.S. C.A. § 1391(a), service is lawful and valid. Giffin v. Ensign, 234 F.2d 307 (3rd Cir. 1956).[2]

The present federal venue statute, Title 28 U.S.C.A. § 1391(a), provides that an action based solely on diversity may be brought in the judicial district where all the plaintiffs or all the defendants

reside or in which the claim arose. Pa. R.Civ.P. 2079(a) provides that service may be made upon a non-resident motorist by the sheriff serving the Secretary of the Commonwealth, only if the action is commenced in the county in which the cause of action arose.

In diversity actions filed or removed to federal courts, service by the United States Marshal in lieu of the sheriff, and actions commenced within the federal judicial district in which the cause of action arose, even though not within the county have been upheld. Weisler v. Matta, 95 F.Supp. 152 (W.D.Pa.1951); Ball v. Yankee Lines, Inc., 9 F.R.D. 600 (E.D.Pa.1950); Sussan v. Strasser, 36 F.Supp. 266 (E.D.Pa.1941).

It is, therefore, clear that if this action had been commenced in the Western District of Pennsylvania, where the motor vehicle collision giving rise to this cause of action occurred, service would have been valid and the venue unassailable.

■ State court decisions have repeatedly held that service upon a non-resident through the Secretary of the Commonwealth is valid under Rule 2079(a), Pa.R.Civ.P., only if the action is commenced in the county where the "cause of action" occurred. McCall v. Gates, 354 Pa. 158, 47 A.2d 211 (1946); Nathan v. McGinley, 340 Pa. 10, 16 A.2d 2 (1940); Williams v. Meredith, 326 Pa. 570, 192 A. 924 (1937); Kelly v. Hague, 49 Pa.Dist. & Co.R.2d 441, 58 Del.Co. 122 (1970). The basis of these decisions is that Rule 2079(a) expressly limits the service upon the Secretary of the Commonwealth to those actions filed "in the county in which the cause of action arose."

Fed.R.Civ.P. 4(d)(7) provides that service is valid if served in the manner

---

2. The cited case settled the question left open by Judge Maris's concurring opinion in McCoy v. Siler, 205 F.2d 498, 501 (3rd Cir. 1953), in which he concluded

that federal service under Rule 4(f), Fed.R.Civ.P., could not extend beyond the territorial limits of the state.

prescribed by state law. Charles Alan Wright in Law of Federal Courts, 2d ed. 1970, page 271, states:

"Frequently state law conditions use of a particular means of service, as under the non-resident motorist statutes, on the action being brought in the county in which the transaction occurred. Such restrictions on venue are not binding in federal court; instead it is enough that suit is brought in the federal district which includes the county in question." (Citing Giffin v. Ensign, *supra*).

4 Wright & Miller, Federal Practice and Procedure, § 1112 (1969) at p. 464, cites Weisler v. Matta, *supra*, as supporting authority, and states therein further that "some courts have permitted even broader geographic latitude in utilizing state methods of process", citing several Pennsylvania district court cases.

In Ball v. Yankee Lines, Inc., 9 F.R.D. 600 (E.D.Pa.1950), the motor vehicle collision occurred in the Western District of Pennsylvania and action was filed in the Eastern District. A third party defendant, resident of Nebraska, was joined and served by the Marshal in the same manner as in the present case. Judge Grim held the service valid under Rule 4(d)(7). Although this decision has been questioned as to its reasoning in 2 Goodrich & Amram, Procedural Rules Serv., 866 (1972 Supp.), the authors recognize its practical value since literal compliance with Rule 2079(a) would seldom be possible because federal courts do not have "county" jurisdiction. Also, of course, federal courts now have general state-wide right of personal service under Fed.R.Civ.P. 4(f) with the liberal right to a change of venue under Title 28 U.S.C.A. § 1404(a) (1962), "[f]or the convenience of parties and witnesses, in the interest of justice," to any district where the action could have been brought.

Claditis v. Wainwright, 119 F.Supp. 739 (W.D.Pa.1954), held that action would lie and service was proper, if brought in the district wherein all plaintiffs resided. It should be noted, however, that all of the cited cases were decided before the 1966 amendment to the Federal Rules was adopted allowing actions to be filed in "the cause of action district" as well as where "all plaintiffs" or "all defendants" reside. The practical considerations in favor of the cited decisions are not as urgent today because of the 1966 amendment permitting the "cause of action district" to have venue.

Mariani v. Arsham, 26 F.R.D. 391 (E.D.Pa.1960) is to the same effect as *Claditis* and both *Claditis* and *Mariani* are exactly analogous to the present case except for the further liberalization of the Federal Rules permitting actions to be instituted in the "cause of action district" as noted above. There are other Pennsylvania district court cases in accord. Barry v. Guldenshuh, 118 F.Supp. 267 (W.D.Pa.1954); Berkey v. Rockwell Spring & Axle Co., 162 F.Supp. 493 (W.D.Pa.1958).

Consequently, there is a substantial body of decisional law within the district courts of Pennsylvania holding that Pa.R.Civ.P. 2079(a) does not limit a federal court's jurisdiction over a defendant or its venue if the action is brought in a federal judicial district other than the "cause of action district." The logic appears to be that venue is a matter of federal law; the Secretary of the Commonwealth is the appointed statutory agent under the non-resident motorists act (Act of May 14, 1929, P.L. 1721 as amended, 75 P.S. § 2001); and Pa.R. Civ.P. 2079(a) applies only to state court procedure.

It is difficult to completely harmonize the rationale of state court with federal court decisions on the subject. By permitting action to be filed and venue to be had in either the district of plaintiff's residence or the "cause of action district," the non-resident's rights are in

no way jeopardized. If the non-resident can show inconvenience in either district as opposed to the other, he can apply under the liberal requirements of Title 28 U.S.C.A. § 1404 for a change of venue.[3] In effect, the non-resident motorist becomes subject to suit in both the district of the plaintiff's residence and the "cause of action district," which is the same as that applicable to resident motorists. There would appear to be no policy reasons that should afford non-resident motorists a more limited territorial area within which action against them must be brought than that area in which residents might be subject to suit.

Defendant cites Junior Spice, Incorporated v. Turbotville Dress, Inc., 339 F. Supp. 1189 (E.D.Pa.1972), as controlling. It is not. Judge Becker simply decided that under Title 28 U.S.C.A. § 1391(a), the action was not brought in the judicial district where (1) all plaintiffs reside, or (2) all defendants reside, or (3) where the claim arose, and transferred the case to the cause of action district. In the present case, the sole plaintiff resides within this district and, therefore, Title 28 U.S.C.A. § 1391(a) has full and literal compliance.

 I therefore hold that service of process was proper, and that there is valid jurisdiction over the person of the defendant, and that venue in the Eastern District of Pennsylvania is appropriate. Defendant sets forth no reasons of convenience or other reasons why this action should be transferred to the Western District of Pennsylvania that would come within the confines of Title 28 U.S.C.A. § 1404 providing for a change of venue, and, therefore, the request for change of venue will likewise be refused.

---

3. It is questionable whether, under the decisions of the state courts, a non-resident motorist would have any standing to move in a state court action to change the venue from the "cause of action" county to plaintiff's residence if more convenient, since action could not have been originally brought in other than the "cause of action" county. See Pennsylvania Rules of Civil Procedure, Rule 1006(d).