Donald A. ROBERTS and Kathryn T. Roberts, now known as Kathryn T. Brengle, Defendants Below, Appellants,

v.

J. Milton PEVAR, a minor by and through his father and natural guardian, Matthew Pevar, and Matthew Pevar in his own right, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Submitted Oct. 20, 1975.

Decided Dec. 18, 1975.

Stanley C. Lowicki, Wilmington, for defendants below, appellants.

Everett P. Priestley, Cooch & Taylor, Wilmington, for plaintiffs below, appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

In this action on a judgment entered in the United States District Court for the Eastern District of Pennsylvania, the Superior Court granted summary judgment to plaintiffs. While several issues have been argued in the appeal, the critical question, as we see it, is whether the Federal Court obtained jurisdiction over defendants who were non-residents of Pennsylvania. Cf. *Restatement* Conflict of Laws 2d § 104. They had been served personally in the State of Delaware by a United Staes Marshal and the Superior Court concluded that such service was sufficient as a matter of law.

▮ Personal service of process upon a party made within the territorial limits of a Court's jurisdiction is a usual and familiar basis for *personam* jurisdiction. Cf. 20 *Am.Jur.2d* Courts § 118; *Restatement* supra § 28. These defendants, however, were not served with process within the land limits applicable to the District Court and, therefore, that Court did not acquire jurisdiction over them on the basis of such service.

Jurisdiction thus had to be based on either a Federal or Pennsylvania Statute authorizing service in Delaware.

First, we recognize that under certain Federal Statutes a United States District Court may acquire *personam* jurisdiction by process served personally outside the territorial limits of the State in which it sits. See, for example, the Statutes discussed in 2 *Moore's Federal Practice* § 4.-33. But no such applicable Statute has been called to our attention in this diversity case. In its opinion, the Superior Court referred to Federal Rules of Civil Procedure 4(d) and (e) but those Rules are not self-supporting, that is, they depend upon a Statute or order for their authority and there is none pertinent to this case.

Second, as to Pennsylvania, the action was based on an automobile accident which occurred in that State and its Non-Resident Motorist (long-arm) Act, 75 *Purdon's Pa.Stat.Ann.* § 2001 *et seq.*, was available as a jurisdictional basis, but it is undisputed that plaintiffs did not comply with its terms. Compare *Alopari v. O'Leary*, E.D. Pa., 154 F.Supp. 78 (1957). Accordingly, unless some other Pennsylvania Statute provides a basis for the *personam* jurisdiction exercised by the District Court, the judgment must be reversed.

 The Superior Court relied not upon a Statute but upon Rule 2079 of the Pennsylvania Rules of Civil Procedure, which provides in part:

"(a) If an action of the class specified . . . [i. e., The Non-Resident Motorist Act] is commenced in the county in which the cause of action arose,⁽ᶜ⁾ process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process:

(1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and

(2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

Assuming its applicability to the Federal Court action, a matter of some doubt, cf. *Burbank v. Grant*, E.D.Pa., 56 F.R.D. 484 (1972), by its terms the Rule applies only when an action is commenced in the county in which the cause arose and that did not occur here. But, of more importance, the Rule must be read in light of its construction by the Pennsylvania Supreme Court. Briefly, that Court has held that under the Rule substituted service is limited to actions instituted in the county in which the cause of action arose. *Nicolosi v. Fittin*, 434 Pa. 133, 252 A.2d 700 (1969); *McCall v. Gates*, 354 Pa. 158, 47 A.2d 211 (1946). Under *Nicolosi*, if an action is begun in a county other than the "cause of action" county, personal service must be obtained. In brief, Rule 2079 permits personal or substituted service only when the action is filed in the "cause of action" county. The purpose of the Rule, obviously, is to circumscribe the circumstances under which the long-arm Statute may be used and, in so doing, it is a Pennsylvania Procedure Act, not a basis for extra-State jurisdiction (other than by compliance with the terms of The Non-Resident Motorist Act).* Certainly nothing therein authorizes a Federal (or Pennsylvania) Court to assume *personam* jurisdiction of a party served outside the State. If the service made in Delaware was valid, then, logically, such service would be valid wherever in the world a party is found. We are satisfied that Pennsylvania never intended such a pretentious claim for what appears to be a modestly stated procedural Rule.

Reversed.

---

\* It is equally clear that the Rule is not a venue restriction on the Federal Court. *Burbank v. Grant* supra; Wright, *Law of Federal Courts* (2 ed) § 65.